UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

STEVEN MADEOY, *pro se*          :
& MELANIE MADEOY, *pro se*     :
1907 Piccard Drive                     :
Rockville, MD 20850-6068       :
          Plaintiffs,            :
                                     :
         v.                          :     Civil Action: 1:07-cv-00606-RJL

AMERICAN ARBITRATION          :
ASSOCIATION;                    :
1776 Eye Street, NW, Suite 850    :
Washington DC 20006           :
SERVE: JEAN BAKER, DISTRICT  :
       VICE PRESIDENT

GREGORY BECKWITH,
as an arbitrator and in his individual
capacity;
10513 Judicial Drive, Suite 100
Fairfax VA 22030

ANDREW H. DIEM
as an arbitrator and in his individual
capacity;
5230 Loughboro Road, NW
Washington DC 20016

GEORGE C. MARTIN, JR.
PO Box 565
Garrett Park MD 20896
as an arbitrator and in his individual
capacity;

ADC Builders, Inc.
2701 Tower Oaks Blvd.
Rockville, MD 20852-4209

                Defendants

**AMMENDED COMPLAINT AND MOTION TO VACATE, MODIFY, OR
CORRECT AWARD BY THE AMERICAN ARBITRATION ASSOCIATION**

COMES NOW Steven Madeoy and Melanie Madeoy ("Madeoys"), *pro se*, pursuant to Rule 15 of the Federal Rules of Civil Procedure and 9 U.S.C. § 12,

RECEIVED

MAY 2 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

and hereby amend their Motion to Vacate, Modify, or Correct an award by the American Arbitration Association ("AAA").

In support whereof, the Madeoys rely on the following:

**I.     Background.**

1.     On March 30, 2007 the Madeoys filed their Complaint and Motion to Vacate, Modify, or Correct an award by the American Arbitration Association ("AAA") (Docket Entry #1).

2.     On May 3, 2007, the law firm of Gibson, Dunn & Crutcher LLP sent a letter to the Madeoys that they were retained counsel for all parties originally named in the Complaint and Motion and suggesting that ADC Builders, Inc. should have been named as the sole defendant.

**II.    Legal Authority.**

Rule 15 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> (a) Amendments. A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.
>
> (b) (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and

> complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Rule 4(m) of the Federal Rules of Civil Procedure states as follows:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

### III. Argument.

#### A. ADC Builders, Inc. should have been named in the original action.

As correctly pointed out by Gibson, Dunn & Crutcher, pursuant to 9 U.S.C. § 12, the adverse party to the arbitration, ADC Builders, Inc. should have been named in the original action.

In accord with Federal Rule of Civil Procedure 15(a), (b)(2), and (b)(3), the Madeoys, who are *pro se* plaintiffs, now: (1) elect to amend their pleadings once as a matter of course; (2) affirm that the claim in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading; and (3) assert that, in changing the naming of a party, they have satisfied the provisions of Rule 15(b)(2), and will effect service in compliance with Rule 4(m).

## IV. Conclusion.

WHEREFORE, for the foregoing reasons, the Madeoys respectfully amend their Motion to Vacate, Modify, or Correct Award by the American Arbitration Association.

Respectfully submitted,

_____
Steven Madeoy, *pro se*
1907 Piccard Drive
Rockville, MD 20850-6068
(301) 987-5717

_____
Melanie Madeoy, *pro se*
1907 Piccard Drive
Rockville, MD 20850-6068
(301) 987-5717

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the forgoing Amended Motion to Vacate, Modify, or Correct Award by the American Arbitration Association has been served, via first class mail, on Jason J. Mendro, Esquire of Gibson, Dunn & Crutcher, LLP, 1050 Connecticut Avenue, NW, Suite 200, Washington, DC 20036 this 23rd day of May 2007.

_____
Steven Madeoy