UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

STEVEN MADEOY, *pro se*              )
MELAINE MADEOY, *pro se,*            )
                                     )
        Plaintiffs,                  )
                                     )
v.                                   )        Civil Case No. 1:07cv00606 (RJL)
                                     )
AMERICAN ARBITRATION                 )
  ASSOCATION, *et al.,*              )
                                     )
        Defendants.                  )
_____)

## DEFENDANT ADC BUILDERS, INC.'S FED. R. CIV. P. 12 MOTION TO DISMISS

        COMES NOW, Defendant ADC Builders, Inc. ("ADC"), by counsel, pursuant to Fed.

R. Civ. P. 12(b)(1) and 12(b)(6), and moves for dismissal with prejudice of the *pro se*

Plaintiffs' Amended Complaint on the grounds and for the reasons stated in the accompanying

Memorandum of Points and Authorities filed contemporaneously herewith.

        Pursuant to LCvR 7(f), an oral hearing on this Motion is requested by Defendant ADC

Builders, Inc.

                                     Respectfully submitted,

                                     ADC BUILDERS, INC.

                                     By Counsel

/s/ Gerald I. Katz
Gerald I. Katz
D.C. Bar No. 237925
Andrew N. Felice
D.C. Bar No. 416060
KATZ & STONE, L.L.P.
8230 Leesburg Pike, Suite 600
Vienna, Virginia  22182
703.761.3000
703.761.6179 (fax)
gkatz@katzandstone.com
afelice@katzandstone.com
*Counsel for Defendant ADC Builders, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing **DEFENDANT ADC BUILDERS, INC.'S FED. R. CIV. P. 12 MOTION TO DISMISS** was served via first class mail this 8th day of June, 2007 to:

> Mr. Steven Madeoy
> Mrs. Melanie Madeoy
> 1907 Piccard Drive
> Rockville, MD 20850-6068
> *Pro Se Plaintiffs,*

and via electronic service to:

> Jason J. Mendro, Esquire
> Mark A. Perry, Esquire
> Gibson, Dunn & Crutcher, LLP
> 1050 Connecticut Ave., N.W.
> Suite 200
> Washington, D.C. 20036-5306
> jmendro@gibsondunn.com
> *Counsel, Defendants American Arbitration Assoc., and Gregory Beckwith, Andrew H. Diem, and George C. Martin*

> /s/ Gerald I. Katz
> Gerald I. Katz

J:\01011.028\Pld\USDC 606\004jan Rule 12 Dismiss Motion - final.doc:bd

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

STEVEN MADEOY, *pro se*                  )
MELAINE MADEOY, *pro se,*                )
                                          )
    Plaintiffs,                       )
                                          )
v.                                        )          Civil Case No. 1:07cv00606 (RJL)
                                          )
AMERICAN ARBITRATION                      )
  ASSOCATION, *et al.,*                   )
                                          )
    Defendants.                       )
_____)

### DEFENDANT ADC BUILDERS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS FED. R. CIV. P. 12 MOTION TO DISMISS

COMES NOW, Defendant ADC Builders, Inc. ("ADC"), by counsel, and in support of its Fed. R. Civ. P. 12 Motion to Dismiss, state as follows:

**I.**    **BACKGROUND**

On or about June 10, 2004, Defendant ADC Builders, Inc. ("ADC"), as contractor, and the Madeoys, as owners, entered into an Agreement between Owner and Contractor (AIA Doc. A117, 1987 Ed.) (the "Contract") for the construction of a single-family residence in Potomac, Maryland on property owned by the Madeoys (the "Project"). Disputes arose between ADC and the Madeoys regarding certain unpaid invoices generated by ADC and the work performed by ADC on the Project.  Due to non-payment, ADC terminated the contract in October, 2005.

In accordance with the express terms of the Contract, on or about October 5, 2005 ADC filed a Demand for Arbitration with the American Arbitration Association ("AAA") to recover the balance due on its unpaid invoices. The arbitration proceeding, captioned *ADC Builders, Inc. and Steven and Melanie Madeoy*, Case No. 16 110Y 00629 05, (the "Arbitration Proceeding") was administered by the AAA pursuant to the Construction Industry Arbitration

Rules promulgated by the AAA. In the Arbitration Proceeding, the Madeoys were represented

by Robert Greenberg, Esquire, of the law firm Friedlander, Misler, Sloan, Kletzkin &

Ochsman, PLLC.

The Madeoys filed a Counterclaim and subsequently an Amended Counterclaim in the

Arbitration Proceeding seeking in excess of $2.2 Million Dollars from ADC for alleged

construction-related claims and delays in the construction of the Project. Arbitration hearings

were conducted at the Washington, D.C. office of the AAA before a panel of three arbitrators

selected by the parties. The hearings were conducted over the course of thirteen days

commencing on September 18, 2006 and concluding on December 1, 2006.

On January 8, 2007, the AAA issued an arbitration award in favor of ADC and duly

transmitted the same to counsel for the parties by facsimile on January 8, 2007 (the "Award").

After due demand upon the Madeoys to pay the Award, on January 12 and 18, 2007, ADC

received two checks from the Madeoys constituting full payment of the amount awarded to

ADC as reflected in the Award. Upon receipt for the aforesaid payment of the Award, ADC

cancelled and returned to the Madeoys' counsel a promissory note ("Note") previously

executed by the Madeoys securing payment of an eventual arbitration award to ADC, which

Note was tendered by the Madeoys to ADC in substitution for a mechanic's lien on the

Project.

II.    **ARGUMENT**

        A. **The Court Lacks Subject Matter Jurisdiction to Hear the Plaintiffs' Claim and Must Dismiss Their Case Pursuant to Fed. R. Civ. P. 12(b)(1).**

           1. **No federal question is presented by the Madeoys' Amended Complaint.**

The Madeoys, through their Amended Complaint, request that this Court vacate,

modify or correct the Award pursuant to §§10 and 12 of the Federal Arbitration Act ("the

Act"). 9 USC §§10 and 12 (2007). Section 10 of the Act permits bringing an action to vacate

an arbitration award in "the United States court in and for the district wherein the award was

made . . . ."  The Madeoys, apparently relying on §10, filed their Complaint in the United

States District Court for the District of Columbia. ADC was named as defendant in this action,

by and through, the Amended Complaint filed on May 30, 2007.

Despite the Madeoys' reliance on §10 of the Act, this Court lacks subject matter

jurisdiction to hear their claim. Specifically, the Madeoys must invoke either federal-question

or diversity of citizenship jurisdiction. 28 U.S.C. §§ 1331, 1332 (2007). For the reasons stated

below, this Court lacks both.

While §10 of the Act is federal law, it creates no independent basis for federal-question

jurisdiction.  *Moses H. Cone Mem'l. Hosp. v. Mercury Constr. Corp*, 460 U.S. 1, 25, 103 S.

Ct. 927, 942 (1983). Specifically, in *Moses H. Cone Mem'l.*, the Supreme Court held that the

Act:

> "creates a body of federal substantive law . . . yet does not create any
> independent federal-question jurisdiction . . . . [T]here must be diversity of
> citizenship *or* some other independent basis for federal jurisdiction before
> the order [to vacate, modify or correct] can issue."  460 U.S. at 25.
> (emphasis added).

The United States Court of Appeals for the District of Columbia Circuit in the case *Kasap v.*

*Folger Nolan Fleming & Douglas, Inc.,* 334 U.S. App. D.C. 280,166 F.3d 1243 (1999) has

squarely addressed this jurisdictional issue. In *Kasap*, the Court of Appeals held that §10 of

the Act does not itself bestow jurisdiction on the federal district courts, nor permit federal-

question jurisdiction to be invoked. *Id.* at 1247. Without a real, substantive federal question

upon which the Madeoys' case may turn, there is no federal question jurisdiction. *St. Joseph &*

*G.I.R. Co., v. Steele,* 167 U.S. 659, 663, 17 S. Ct. 925, 927 (1897). Merely basing their

allegations on §10 of the Act is insufficient to invoke federal-question jurisdiction. *Moses H.*

*Cone Mem'l. Hosp.*, 460 U.S. at 25, 103 S. Ct. at 942; and *Kasap*, 334 U.S. App. D.C. 280, 166 F.3d at 1247.

>   **2.   Complete diversity does not exist and, hence, this Court lacks jurisdiction to hear the case.**

The Court also lacks jurisdiction based on diversity of citizenship between the parties.  Pursuant to 28 U.S.C. §1332, and in addition to the minimum amount in controversy, there must exist *complete* diversity of citizenship between the parties. The Complaint and Amended Complaint clearly reflect that the Madeoys and Defendants Martin and ADC are all citizens of the State of Maryland. Public records indicate that the Madeoys have principally resided in Rockville, Maryland since January 2004. (Exhibit No. 1). A similar search indicates that Defendant Martin has principally resided in Garrett Park, Maryland since at least 1998. For the purpose of diversity jurisdiction, ADC is a citizen of the states in which it is incorporated and where its principal place of business is located.  28 U.S.C. §1332(c)(1) (2007). In both cases, ADC is a citizen of Maryland. (Exhibit No. 2). Complete diversity between the parties in this action is clearly lacking, hence this Court is without subject matter jurisdiction to hear the Madeoys' claim under 28 U.S.C. §1332.

Under controlling precedent, §10 of the Act creates no independent basis for federal-question jurisdiction. *Moses H. Cone Mem'l. Hosp.*, 460 U.S. at 25, 103 S. Ct. at 942; and *Kasap*, 334 U.S. App. D.C. 280, 166 F.3d at 1247. The Madeoys' pleadings do not raise questions of federal law arising under the Constitution. *Id.* Further, complete diversity of citizenship between the parties does not exist. Therefore, this Court has no subject matter jurisdiction to hear the Madeoy's claim and must dismiss their case pursuant Fed. R. Civ. P. 12(b)(1).

**B. Assuming *Arguendo* that Subject Matter Jurisdiction Exists, the Plaintiffs' Claim is Time-Barred and thus the Amended Complaint Fails to State a Claim Upon Which Relief Can Be Granted and Must Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6).**

The Madeoys seek to have this Court vacate, modify or correct the Award arbitration

award pursuant to §12 of the Act. In pertinent part, §12 of the Act requires that any "motion to

vacate, modify or correct an award must be served upon the adverse party or his attorney

*within three months after the award is filed or delivered.*" (emphasis added). The AAA

transmitted the Award to the parties on January 8, 2007.[1] The Madeoys did not serve ADC

with the Amended Complaint until June 5, 2007 – almost five full months after the award was

delivered to them and ***a full fifty-eight (58) days after the last date (April 8, 2007) that notice***

***of their motion was required to have been served upon ADC in conformance with §12 of the***

***Act .*** Pursuant to the clear language of §12 of the Act, the Madeoys' Amended Complaint is

untimely.

The Madeoys' failure to give timely notice bars their Amended Complaint which seeks

to vacate, modify or correct the Award under §12. See *Florasynth, Inc. v. Pickholz,* 750 F.2d

171, 175 (2d. Cir. 1984). The time limitation under §12 of the Act operates as its own statute

of limitations. *Delal v. Goldman Sachs & Co.,* 2007 U.S. Dist. Lexis 33238 (D.D.C. May 7,

2007). A party to arbitration may not move to vacate or modify an award unless it has given

notice within three months after the award. See, e.g., *Taylor v. Nelson,* 788 F.2d 220 (4th Cir.

1986); *Foster v. Turley,* 808 F.2d 38 (10th Cir. 1986); *Cullen v. Paine, Webber, Jackson &*

*Curtis, Inc*. 863 F.2d 851 (11th Cir. 1989); *Colavito v. Hockmeyer Equipment Corp*., 605 F.

---

[1] The Madeoys assert in Paragraph 4 of their Complaint that the Award "was issued January 6, 2007." However, the Award, which is attached as Exhibit 2 (Document 1-4), and the AAA transmittal letter which is attached to the Complaint as Exhibit 3 (Document 1-5) clearly are dated January 8, 2007 and reflect a facsimile delivery date of January 8, 2007 at 5:39 p.m. The Madeoys' reference to January 6, 2007, a Saturday, appears to be a typographical error. In any event, the Exhibits to the Complaint reflect that by January 8, 2007 the Madeoys' counsel in the Arbitration Proceeding had received a copy of the Award and the error in the Complaint does not change the fact that the Madeoys failed to timely satisfy §12 of the Act.

Supp 1482 (S.D.N.Y 1985); *Ultracashmere House, Ltd. v. Nordstrom, Inc.*, 123 F.R.D. 435

(S.D.N.Y. 1988).  There is no statutory or common law exception to this time limitation.

*Loewen v. United States,* 2005 U.S. Dist. Lexis 44999 (D.D.C. Oct. 31, 2005) and *Thyssen*

*Carbometal Co. v. FAI Energy, Ltd.,* 1990 U.S. Dist. Lexis 427 (D.D.C. Jan 16, 1990). By

failing to provide notice within the statutory three-month period, the Madeoys' Amended

Complaint is time-barred. As such, their Amended Complaint fails to state a claim upon which

relief can be granted and the Court must dismiss this action with prejudice pursuant to Fed. R.

Civ. P. 12(b)(6).

### III.    CONCLUSION

Based on the foregoing reasons, Defendant ADC Builders, Inc., respectfully moves for

an Order dismissing with prejudice the Amended Compliant and any and all claims asserted

therein and for such other and further relief in favor of Defendant ADC Builders, Inc. as is

necessary and just.

> Respectfully submitted,
>
> ADC BUILDERS, INC.
>
> By Counsel

/s/ Gerald I. Katz
Gerald I. Katz
D.C. Bar No. 237925
Andrew N. Felice
D.C. Bar No. 416060
KATZ & STONE, L.L.P.
8230 Leesburg Pike, Suite 600
Vienna, Virginia  22182
703.761.3000
703.761.6179 (fax)
gkatz@katzandstone.com
afelice@katzandstone.com
*Counsel for Defendant ADC Builders, Inc.*

6

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and accurate copy of the foregoing **DEFENDANT ADC BUILDERS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS FED. R. CIV. P. 12 MOTION TO DISMISS** was served via first class mail this 8th day of June, 2007 to:

> Mr. Steven Madeoy
> Mrs. Melanie Madeoy
> 1907 Piccard Drive
> Rockville, MD 20850-6068
> *Pro Se Plaintiffs,*

and via electronic service to:

> Jason J. Mendro, Esquire
> Mark A. Perry, Esquire
> Gibson, Dunn & Crutcher, LLP
> 1050 Connecticut Ave., N.W.
> Suite 200
> Washington, D.C. 20036-5306
> jmendro@gibsondunn.com
> *Counsel, Defendants American Arbitration Assoc., and Gregory Beckwith, Andrew H. Diem, and George C. Martin*

> /s/ Gerald I. Katz
> Gerald I. Katz

J:\01011.028\Pld\USDC 606\005jan Rule 12 Dismiss Memo - final.doc:bd



**Maryland Department of Assessments and Taxation**
**MONTGOMERY COUNTY**
**Real Property Data Search** (2007b)

| Go Back |
| --- |
| View Map |
| New Search |
| GroundRent |

**Account Identifier:**   **District - 04 Account Number - 03362560**

| Owner Information | | |
| --- | --- | --- |

| | | |
| --- | --- | --- |
| **Owner Name:** | MADEOY, STEVEN F & MELANIE R | **Use:** RESIDENTIAL |
| | | **Principal Residence:** YES |
| **Mailing Address:** | 1907 PICCARD DR | **Deed Reference:** 1) |
| | ROCKVILLE MD 20850-6068 | 2) |

| Location & Structure Information | |
| --- | --- |

| | |
| --- | --- |
| **Premises Address** | **Legal Description** |
| 1907 PICCARD DR | KING FARM |
| ROCKVILLE 20850-6068 | BAILEYS COMMONS NORTH |

| Map  Grid  Parcel | Sub District | Subdivision | Section | Block | Lot | Assessment Area | Plat No:  22071 |
| --- | --- | --- | --- | --- | --- | --- | --- |
| GS12 | | 283 | | O | 4 | 1 | Plat Ref: |

| **Special Tax Areas** | **Town** | ROCKVILLE |
| --- | --- | --- |
| | **Ad Valorem** | |
| | **Tax Class** | 50 |

| Primary Structure Built | Enclosed Area | Property Land Area | County Use |
| --- | --- | --- | --- |
| 2003 | 2,124 SF | 2,266.00 SF | 116 |

| Stories | Basement | Type | Exterior |
| --- | --- | --- | --- |
| 2 | YES | CENTER UNIT | |

| Value Information | | | | |
| --- | --- | --- | --- | --- |

| | Base Value | Value | Phase-in Assessments | |
| --- | --- | --- | --- | --- |
| | | As Of | As Of | As Of |
| | | 01/01/2007 | 07/01/2006 | 07/01/2007 |
| **Land** | 175,000 | 300,000 | | |
| **Improvements:** | 236,360 | 374,660 | | |
| **Total:** | 411,360 | 674,660 | 411,360 | 499,126 |
| **Preferential Land:** | 0 | 0 | 0 | 0 |

| Transfer Information | | | |
| --- | --- | --- | --- |

| | | | |
| --- | --- | --- | --- |
| **Seller:** KF NEIGHBORHOODS L L C | | **Date:** 01/12/2004 | **Price:** $495,830 |
| **Type:** UNIMPROVED ARMS-LENGTH | | **Deed1:** | **Deed2:** |
| **Seller:** KING FARM ASSOCIATES L L C | | **Date:** 07/17/2002 | **Price:** $3,121,235 |
| **Type:** MULT ACCTS ARMS-LENGTH | | **Deed1:** /21441/ 676 | **Deed2:** |
| **Seller:** | | **Date:** | **Price:** |
| **Type:** | | **Deed1:** | **Deed2:** |

| Exemption Information | | | |
| --- | --- | --- | --- |

| Partial Exempt Assessments | Class | 07/01/2006 | 07/01/2007 |
| --- | --- | --- | --- |
| **County** | 000 | 0 | 0 |
| **State** | 000 | 0 | 0 |
| **Municipal** | 000 | 0 | 0 |

| | |
| --- | --- |
| **Tax Exempt:**   NO | **Special Tax Recapture:** |
| **Exempt Class:** | * NONE * |

EXHIBIT 1
ALL-STATE LEGAL®

**Maryland Department of Assessments and Taxation**

**Taxpayer Services Division**
301 West Preston Street W Baltimore, MD 21201

---

Main Menu | Security Interest Filings (UCC) | Business Entity Information
(Charter/Personal Property) New Search | Get Forms | Certificate of Status | SDAT Home

---

**Taxpayer Services Division**

**Entity Name: ADC BUILDERS, INC.**
**Dept ID #: D03415288**

---

General Information  Amendments  Personal Property  Certificate of Status

| | |
|---|---|
| **Principal Office (Current):** | 2701 TOWER OAKS BOULEVARD, SUITE 200 ROCKVILLE, MD 20852 |
| **Resident Agent (Current):** | MICHAEL P. HOLLANDER 2701 TOWER OAKS BOULEVARD, SUITE 200 ROCKVILLE, MD 20852 |
| **Status:** | INCORPORATED |
| **Good Standing:** | Yes |
| **Business Code:** | Ordinary Business - Stock |
| **Date of Formation or Registration:** | 04/15/1992 |
| **State of Formation:** | MD |
| **Stock/Nonstock:** | Stock |
| **Close/Not Close:** | Not Close |

---

**Link Definition**

| | |
|---|---|
| **General Information** | General information about this entity |
| **Amendments** | Original and subsequent documents filed |
| **Personal Property** | Personal Property Return Filing Information and Property Assessments |
| **Certificate of Status** | Get a Certificate of Good Standing for this entity |

ALL-STATE LEGAL®
EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

STEVEN MADEOY, *pro se*            )
MELAINE MADEOY, *pro se*,       )
                                 )
     Plaintiffs,              )
                                 )
v.                          )     Civil Case No. 1:07cv00606 (RJL)
                                 )
AMERICAN ARBITRATION     )
  ASSOCATION, *et al.,*        )
                                 )
     Defendants.           )
_____)

## ORDER

UPON CONSIDERATION of the Defendant ADC Builders, Inc.'s Rule 12 Motion to Dismiss, and any opposition thereto, and arguments of counsel and the parties; and

IT APPEARING TO THE COURT that Defendant ADC Builders, Inc.'s Motion is well taken and this Court lacks subject matter jurisdiction over this action and Plaintiffs Steven and Melanie Madeoy failed to comply with Section 12 of the Federal Arbitration Act, by serving upon the adverse party, Defendant ADC Builders, Inc., their motion to vacate, modify or correct the arbitration award described in the Amended Complaint; it is hereby

ORDERED that the Amended Complaint shall be and therefore is DISMISSED WITH PREJUDICE.

ENTERED this ____day of _____, 2007.


                         _____
                         RICHARD J. LEON
                         United States District Judge

*Copies to:*

Gerald I. Katz, Esq.
D.C. Bar No. 237925
Andrew N. Felice, Esq.
D.C. Bar No. 416060
Katz & Stone, L.L.P.
8230 Leesburg Pike
Suite 600
Vienna, VA 22182
gkatz@katzandstone.com
afelice@katzandstone.com
*Counsel for Defendant, ADC Builders, Inc.*

Jason J. Mendro, Esq.
Gibson, Dunn & Crutcher, LLP
1050 Connecticut Ave., NW.
Suite 200
Washington, D.C. 20036
jmendro@gibsondunn.com
*Counsel for Defendants American Arbitration Assoc., and Gregory*
  *Beckwith, Andrew H. Diem, and George C. Martin*

Mr. Steven Madeoy
Mrs. Melanie Madeoy
1907 Piccard Drive
Rockville, MD 20850
*Pro Se Plaintiffs*

J:\01011.028\Pld\USDC 606\Drafts\006jan Rule 12 Dismiss Mo Order.doc:bd