UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN MADEOY, *pro se* | ) |
| MELAINE MADEOY, *pro se*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| AMERICAN ARBITRATION | ) |
| ASSOCATION, *et al.*, | ) |
| | ) |
| Defendants. | ) |

Civil Case No. 1:07cv606 (RJL)

## <u>DEFENDANT ADC BUILDERS, INC.'S MOTION FOR RULE 11 SANCTIONS</u>

COMES NOW, Defendant ADC Builders, Inc., by counsel, pursuant to Fed. R. Civ. P. 11, and moves for sanctions against *pro se* Plaintiffs, Steven Madeoy and Melanie Madeoy on the grounds and for the reasons stated in the accompanying Memorandum of Points and Authorities filed contemporaneously herewith.

Respectfully submitted,

ADC BUILDERS, INC.

By Counsel

/s/ Gerald I. Katz
Gerald I. Katz, Esq.
D.C. Bar No. 237925
Andrew N. Felice
D.C. Bar No. 416060
KATZ & STONE, L.L.P.
8230 Leesburg Pike, Suite 600
Vienna, Virginia  22182
703.761.3000
703.761.6179 (fax)
afelice@katzandstone.com
*Counsel for Defendant ADC Builders, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and accurate copy of the foregoing **DEFENDANT ADC BUILDERS, INC.'S MOTION FOR RULE 11 SANCTIONS** was served via first-class mail, postage prepaid, this 27th day of June, 2007 to:

> Mr. Steven Madeoy
> Mrs. Melanie Madeoy
> 1907 Piccard Drive
> Rockville, MD 20850-6068
> *Pro Se Plaintiffs,*

and via electronic service to:

> Mark A. Perry, Esquire
> Jason J. Mendro, Esquire
> Gibson, Dunn & Crutcher, LLP
> 1050 Connecticut Ave., N.W.
> Suite 200
> Washington, D.C. 20036-5306
> MPerry@gibsondunn.com
> *Counsel, Defendants American Arbitration Assoc., and Gregory*
> *Beckwith, Andrew H. Diem, and George C. Martin*


> /s/ Gerald I. Katz
> Gerald I. Katz

J:\01011.028\Pld\USDC 606\003anf Rule 11 Mo.doc:bd

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

| | | |
|---|---|---|
| STEVEN MADEOY, *pro se* | ) | |
| MELAINE MADEOY, *pro se* , | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Case No. 1:07cv606 (RJL) |
| | ) | |
| AMERICAN ARBITRATION | ) | |
| ASSOCATION, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

_____)

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT ADC BUILDERS, INC.'S MOTION FOR RULE 11 SANCTIONS

COMES NOW, Defendant ADC Builders, Inc. ("ADC"), by counsel, and in support of its

Motion for Rule 11 Sanctions against Plaintiffs Steven and Melanie Madeoy ("Madeoys"), state

as follows:

### I.    BACKGROUND

On or about June 10, 2004, Defendant ADC Builders, Inc. ("ADC"), as contractor, and

the Madeoys entered into an Agreement between Owner and Contractor (AIA Doc. A117, 1987

Ed.) (the "Contract") for the construction of a single-family residence in Potomac, Maryland on

property owned by the Madeoys (the "Project"). Disputes arose between ADC and the Madeoys

regarding certain unpaid invoices generated by ADC and the work performed by ADC on the

Project.  Due to non-payment, ADC terminated the contract in October, 2005.

In accordance with the Contract, on or about October 5, 2005 ADC filed a Demand for

Arbitration with the American Arbitration Association ("AAA") to recover the balance due on its

unpaid invoices. The arbitration proceeding, captioned *ADC Builders, Inc. and Steven and*

*Melanie Madeoy*, Case No. 16 110Y 00629 05, (the "Arbitration Proceeding") was administered

by the AAA pursuant to the Construction Industry Arbitration Rules promulgated and published

by the AAA. In the Arbitration Proceeding, the Madeoys were represented by Robert Greenberg, Esquire, of the law firm Friedlander, Misler, Sloan, Kletzkin & Ochsman, PLLC.

The Madeoys filed a Counterclaim and subsequently an Amended Counterclaim in the Arbitration Proceeding seeking in excess of $2.2 Million Dollars from ADC for alleged construction-related claims and alleged delays in the construction of the Project. Arbitration hearings were conducted at the Washington, D.C. office of the AAA before a panel of three arbitrators selected by the parties. The hearings were conducted over the course of thirteen days commencing on September 18, 2006 and concluding on December 1, 2006.

On January 8, 2007, the AAA issued an arbitration award in favor of ADC and duly transmitted the same to the parties by facsimile on January 8, 2007 (the "Award"). A true and correct copy of the Award reflecting that the Award was faxed to counsel for ADC and the Madeoys at 5:21 PM on January 8, 2007 is attached hereto as Exhibit No. 1. After due demand, on January 12 and 18, 2007, ADC received two checks from the Madeoys constituting full payment pursuant to the Award. Upon receipt for the aforesaid payment of the Award, ADC cancelled and returned to Madeoys' counsel the Madeoys' Promissory Note ("Note") securing payment of an eventual award to ADC, which Note was preferred by the Madeoys in lieu of a lien enforcement action in Maryland State Court.

On June 5, 2007, ADC was served (through its counsel via a private process server) with a Summons and copy of the "Amended Complaint and Motion to Vacate, Modify or Correct Award." On June 6, 2007, ADC served the Madeoys via first-class mail with the foregoing Motion for Rule 11 Sanctions. On June 25, 2007, the Madeoys served ADC via first-class mail with its Reply to ADC's Motion for Rule 11 Sanctions. The Reply did not withdraw or appropriately correct their Amended Complaint and Motion to Vacate, Modify or Correct Award.

## II.    ARGUMENT

### A.    Plaintiffs' Claim Is Not Warranted under Existing Law or an Argument for Its Extension, Modification or Reversal. Hence, the Complaint and the Amended Complaint violate Rule 11.

The Madeoys violated Rule 11 by filing the Amended Complaint which by its own terms is not warranted by existing law or by a non-frivolous argument for the law's extension, modification or reversal. Fed. R. Civ. P. 11(b)(1). The Madeoys are subject to the requirements of Rule 11 and are not exempt from sanctions simply because they are proceeding, *pro se*. See, Fed. R. Civ. P. 11(c) and *Warren v. Guelker,* 29 F.3d 1386, 1390 (9th Cir. 1994); *Schrock v. Altru Nurses Registry,* 810 F.2d 658, 661 (7th Cir. 1987); *Schmark v. Jones,* 161 F.R.D. 119, 121 (M.D. Fla. 1995); *Bigalk v. Federal Land Bank Assoc.,* 107 F.R.D. 210, 213 (D. Minn. 1985).

Through the filing of the Amended Complaint and the original Complaint, the Madeoys moved to vacate, modify or correct the Award arbitration award pursuant to §12 of the Federal Arbitration Act ("the Act"). 9 U.S.C. §12 (2007). In pertinent part, §12 of the Act requires that any "motion to vacate, modify or correct an award must be *served* upon the adverse party or his attorney within three months after the award is filed or delivered." (emphasis added). The AAA transmitted the Award to the parties on January 8, 2007.[1]  The Madeoys did not serve ADC with the Amended Complaint until June 5, 2007 – almost five full months after the award was delivered and *a full fifty-eight (58) days after the last date (April 8, 2007) that §12 of the Act required that notice of the motion be served upon ADC.*  Pursuant to the clear language of §12 of the Act, the Madeoys' Amended Complaint is untimely.

The Madeoys failure to give timely notice precludes bringing this action under §12. See *Florasynth, Inc. v. Pickholz,* 750 F.2d 171, 175 (2d. Cir. 1984). The time limitation under §12

---

[1] The Madeoys allege in Paragraph 4 of their Complaint that the Award was issued on January 6, 2007. That is incorrect. In any event, it is clear that the AAA delivered the Award to the parties through their counsel on January 8, 2007.

operates as its own statute of limitations. *Delal v. Goldman Sachs & Co.,* 2007 U.S. Dist. Lexis 33238 (D.D.C. May 7, 2007). There is no statutory or common law exception to this time limitation. *Loewen v. United States,* 2005 U.S. Dist. Lexis 44999 (D.D.C. Oct. 31, 2005) and *Thyssen Carbometal Co. v. FAI Energy, Ltd.,* 1990 U.S. Dist. Lexis 427 (D.D.C. Jan 16, 1990). By failing to provide notice within the statutory three-month period, the Madeoys' motion to vacate the Award is time-barred. *Florasynth,* 750 F.2d at 175.

The Madeoys expressly referenced §12 of the Act in their Complaint and Amended Complaint and hence, are aware of the time-requirements imposed by the Act upon a party who seeks Court review of an arbitration award pursuant to the Act. Despite the clear failure by the Madeoys to timely serve ADC with a "notice of the motion", the Madeoys proceeded to file the Amended Complaint. The Madeoys' deliberate disregard for the clear requirements of §12 of the Act was done in an arbitrary and retaliatory manner (as the Award was in favor of ADC and not the Madeoys) so as to cause ADC to continue to expend time and legal costs on matters associated with the Project even though all of the parties' claims had been resolved by the issuance of the Award (which the Madeoys subsequently paid).

Moreover, the Madeoys, in the Amended Complaint, make absolutely no good faith argument for the extension, modification or reversal of §12 as it applies to the service requirements found in §12 of the Act. In fact, by extensively quoting §12 of the Act in the original Complaint and in the Amended Complaint, the Madeoys cannot now claim to have been unaware of the patently obvious service requirements which must be fulfilled in order for a party to comply with the Act. Instead, it appears that the Madeoys' Amended Complaint was filed against ADC solely based on information the Madeoys' received from counsel for the other defendants in this action. If correct, nevertheless, such an excuse does not prevent this Court from finding that the Madeoys have purposefully violated Rule 11 in filing their Amended

Complaint. The Madeoys' Amended Complaint is untimely pursuant to §12, unwarranted under

existing law, and contains no good faith argument for the extension, modification or reversal of

§12. The Madeoys, therefore, have violated Rule 11.

**B.    It Appears that the Madeoys Violated Rule 11 by Representing 'Ghost-Written' Pleadings as Their Own and Now Must Disclose the Identity of Counsel Providing Substantial Assistance.**

Rule 11, Fed. R. Civ. P. provides in relevant part that an attorney or party's signature on a

pleading:

> "constitutes a certificate . . . that the signer has read the pleading . . .; that to the best of his knowledge, . . . formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law, or a good faith argument for [its] extension, modification or reversal . . . ."  Fed. R. Civ. P. 11(b) (2007).

The Madeoys have represented to the Court that they are proceeding in this litigation *pro

se* and without the assistance of legal counsel. Despite this representation, the language and style

of the Madeoys' pleadings, and the legal arguments contained therein, reasonably leads one to

the conclusion that they were ghost-written by unidentified legal counsel.

By proceeding *pro se*, the Madeoys' pleadings are, for Rule 11 purposes, held to less

stringent standards than those drafted by counsel. *Haines  v. Kerner*, 404 U.S. 519, 520-21, 40 L.

Ed. 2d. 652, 92 S. Ct. 594 (1972). However, the style, language and the arguments raised by the

Madeoys give reasonable doubt as to their *pro se* status. The practice of ghost-writing has been

condemned as a "deliberate evasion of the responsibilities imposed on counsel by Rule 11."

*Johnson v. Bd. of County Comm'rs County of Fremont*, 868 F. Supp. 1226, 1231-1232 (D. Colo.

1994). By outwardly proceeding *pro se*, but with counsel ghost-writing pleadings, the Madeoys

may place opposing counsel at an unfair disadvantage. *Id*. Specifically, the Madeoys could

benefit from the less-stringent pleading standard while at the same time, receiving substantial

"behind-the scenes" assistance from counsel. *Laremont-Lopez v. Southeastern Tidewater

Opportunity Project*, 968 F. Supp. 1075, 1078 (E.D. Va. 1997).

ADC has a legitimate interest in learning the identity of counsel providing substantial assistance to the Madeoys. Pursuant to Rule 11 and the rules of professional conduct, counsel who ghost-writing pleadings may be required to enter his/her appearance and accept accountability for his/her participation. *Wesley v. Don Stein Buick, Inc.* 987 F. Supp. 884, 887 (D. Kan. 1997).  Furthermore, ghost-writing is an evasion of the ethical and statutory obligations placed on counsel and is *ipso facto* lacking in candor.  *Johnson*, 868 F. Supp. at 1231-1232.  If the Madeoys received substantial assistance from counsel in the preparation of their pleadings, Rule 11 requires disclosure of his/her identity to the Court and to the Defendants.

## III.   CONCLUSION

For the foregoing reasons, Defendant ADC Builders, Inc. respectfully requests the Court to enter an Order: (i) imposing monetary sanctions against Plaintiffs Steven and Melanie Madeoy in an amount to fully compensate Defendant ADC Builders, Inc for the attorneys' fees and costs expended in bringing this Motion and in defending itself against this present action; (ii) requiring Plaintiffs Steven and Melanie Madeoy to file a pleading with the Court disclosing the name or names of the individual(s) who provided assistance in the preparation of the Complaint and Amended Complaint so that the Court may ascertain whether such individual(s) is an attorney who may also be subject to Rule 11 sanctions or other disciplinary measures; and (iii) grant such further and other relief in favor of Defendant ADC Builders, Inc. as may be necessary and just.

Respectfully submitted,

ADC BUILDERS, INC.

By Counsel

/s/ Gerald I. Katz
Gerald I. Katz
D.C. Bar No. 237925
Andrew N. Felice
D.C. Bar No. 416060
KATZ & STONE, L.L.P.
8230 Leesburg Pike, Suite 600
Vienna, Virginia  22182
703.761.3000
703.761.6179 (fax)
gkatz@katzandstone.com
afelice@katzandstone.com
*Counsel for Defendant ADC Builders, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT ADC BULIDERS, INC.'S MOTION FOR RULE 11 SANCTIONS** was served via first-class mail, postage prepaid, this 27th day of June, 2007 to:

> Mr. Steven Madeoy
> Mrs. Melanie Madeoy
> 1907 Piccard Drive
> Rockville, MD 20850-6068
> *Pro Se Plaintiffs,*

and via electronic service upon:

> Jason J. Mendro, Esquire
> Mark A. Perry, Esquire
> Gibson, Dunn & Crutcher, LLP
> 1050 Connecticut Ave., N.W.
> Suite 200
> Washington, D.C. 20036-5306
> jmendro@gibsondunn.com
> *Counsel, Defendants American Arbitration Assoc., and Gregory*
> *Beckwith, Andrew H. Diem, and George C. Martin*

> /s/ Gerald I. Katz
> Gerald I. Katz

J:\01011.028\Pld\USDC 606\004anf Rule 11 Memo-final.doc

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

STEVEN MADEOY, *pro se*                    )
MELAINE MADEOY, *pro se*,                  )
                                           )
        Plaintiffs,                        )
                                           )
v.                                         )        Civil Case No. 1:07cv606 (RJL)
                                           )
AMERICAN ARBITRATION                       )
ASSOCATION, *et al.,*                      )
                                           )
        Defendants.                        )
_____)

## **ORDER**

UPON CONSIDERATION of the Defendant ADC Builders, Inc.'s Motion for Rule 11 Sanctions, and any opposition thereto, and arguments of counsel and the parties; and

IT APPEARING TO THE COURT that Defendant ADC Builders, Inc.'s Motion is well taken and the Plaintiffs Steven and Melanie Madeoy violated Rule 11 of the Federal Rules of Civil Procedure by the filing of the Amended Complaint; and it

FURTHER APPEARING TO THE COURT that due to the nature and form of the Complaint and Amended Complaint and the requirements of Rule 11 of the Federal Rules of Civil Procedure, the Court should inquiry into the identity of the person or persons who assisted or may have assisted Plaintiffs Steven and Melanie Madeoy in the drafting either the Complaint or Amended Complaint filed herein in order to ascertain whether such person(s) is an attorney;

IT IS ORDERED that Plaintiffs Steven and Melanie Madeoy shall make payment to Defendant ADC Builders, Inc. of the sum of $_____ representing the attorneys' fees and costs expended by Defendant ADC Builders, Inc. in bringing this present motion and in defending itself against the Amended Complaint filed herein;

IT IS FURTHER ORDERED that Plaintiffs Steven and Melanie Madeoy shall disclose the identity of the person or person who assisted them in the preparation of the Complaint and Amended Complaint filed herein. Such disclosure shall be made within seven (7) days of the date of this Order.

ENTERED this ____day of _____, 2007.


_____
RICHARD J. LEON
United States District Judge

*Copies to:*

Gerald I. Katz
D.C. Bar No. 237925
Andrew N. Felice, Esq.
D.C. Bar No. 416060
Katz & Stone, L.L.P.
8230 Leesburg Pike
Suite 600
Vienna, VA 22182
afelice@katzandstone.com
*Counsel for Defendant, ADC Builders, Inc.*

Jason J. Mendro, Esq.
Gibson, Dunn & Crutcher, LLP
1050 Connecticut Ave., NW.
Suite 200
Washington, D.C. 20036
jmendro@gibsondunn.com
*Counsel for Defendants American Arbitration Assoc., and*
 *Gregory Beckwith, Andrew H. Diem, and George C. Martin*

Mr. Steven Madeoy
Mrs. Melanie Madeoy
1907 Piccard Drive
Rockville, MD 20850
*Pro Se Plaintiffs*