UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEVEN MADEOY, *pro se*
& MELANIE MADEOY, *pro se*
1907 Piccard Drive
Rockville, MD 20850-6068
    Plaintiffs,

v.

AMERICAN ARBITRATION
ASSOCIATION;
1776 Eye Street, NW, Suite 850
Washington DC 20006
SERVE: JEAN BAKER, DISTRICT
    VICE PRESIDENT

GREGORY BECKWITH,
as an arbitrator and in his individual
capacity;
10513 Judicial Drive, Suite 100
Fairfax VA 22030

ANDREW H. DIEM
as an arbitrator and in his individual
capacity;
5230 Loughboro Road, NW
Washington DC 20016

GEORGE C. MARTIN, JR.
PO Box 565
Garrett Park MD 20896
as an arbitrator and in his individual
capacity;

ADC Builders, Inc.
2701 Tower Oaks Blvd.
Rockville, MD 20852-4209

    Defendants

Civil Action: 1:07-cv-00606-RJL

**RECEIVED**

JUN 2 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**MADEOY'S REPLY TO DEFENDANT
ADC BUILDERS, INC.'S MOTION FOR RULE 11 SANCTIONS**

COMES NOW Steven Madeoy and Melanie Madeoy ("Madeoys"), *pro se*, and reply to Defendant ADC Builders, Inc.'s Motion for Rule 11 Sanctions.

In support whereof, the Madeoys rely on the following:

Pursuant to 28 U.S.C. § 1746 the Madeoys certify that the following statements are true:

1   The Amended Complaint was not filed in an arbitrary and retaliatory manner, as alleged in ADC Builders Inc.'s )"ADC") motion for Rule 11 sanctions.

2.   The Amended Complaint is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

3   The claims, defenses, and other legal contentions in the Amended Complaint are warranted by existing law.

4.   Contrary to the conclusion reached by ADC, the Madeoys have not employed unidentified legal counsel to "ghost write" their pleadings.

## Argument

**A.   ADC's motion misapprehends the facts of the case and sets forth an inapplicable argument.**

ADC goes to great lengths to assert a violation of Rule 11 because the Madeoys knew that their Amended Complaint was untimely. ADC's premise is that the Madeoys - albeit fully aware of the provisions of 9 U.S.C. § 12 – deliberately disregarded the "clear requirements of § 12 of the Act ... in an arbitrary and retaliatory manner." ADC argues further that the Madeoys "make absolutely no good faith argument for the extension, modification or reversal of § 12 of the Act."

Unfortunately, it appears that ADC is the party that may be in violation of Rule 11. The facts of the case amply demonstrate that it is ADC, not the Madeoys, who have brought an improper action for the purposes of harassment and/or needless increase in the cost of litigation.

When the Madeoys first filed their Complaint, they were under the impression that only the American Arbitration Association ("AAA") and the individual arbitrators should be named because their cause of action arose from (a) the gross failure of the arbitrators to apply the explicit terms of the contract they were arbitrating and (b) the arbitrary and capricious disregard of voluminous expert testimony by the arbitrators in the determination of an award.

However, on May 3, 2007, counsel for the then defendants wrote to the Madeoys and, in their letter, drew the Madeoys' attention to the provision in 9 U.S.C. § 12 requiring that "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." *See, Letter of Mark A. Perry, Esquire,* May 3, 2007 (Exhibit 1).

Not wanting to be in violation of § 12's provision, the Madeoys elected to serve ADC; but, at first blush, it seemed that the time within which to do so had expired. Then, a review of Rule 15(a) of the Federal Rules of Civil Procedure proved enlightening. Rule 15(a) provides, in pertinent part, that:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served.

Here, the Madeoys utilized the provisions of Rule 15. They filed a one-time amended pleading, prior to the service of any responsive pleading, in which they named ADC in order to comply with the provisions of 9 U.S.C. § 12.

Thus the correct issue before this Court, properly framed, is: whether an amended motion to vacate an arbitration award, filed outside of the three month period, is deemed timely if the original motion to vacate was timely.

In researching this issue, the Madeoys have found a paucity of case law. However, one case stands, apparently alone, in addressing this particular concern. *See, Bonar v. Dean Witter Reynolds Inc.*, 835 F.2d 1378 (11th Cir. 1988)

There, the 11th Circuit rejected the contention that a similar amended motion was untimely. They held that:

> By concentrating only on the provisions of the Arbitration Act, the appellees' argument overlooks the key source for determining any question regarding procedure in the district courts. The Federal Rules of Civil Procedure "govern the procedure in the United States district courts in all suits of a civil nature whether cognizable as cases at law or in equity or in admiralty, with the exception stated in Rule 81." Rule 81 provides that in proceedings under the Arbitration Act, the rules apply only to the extent that matters of procedure are not provided for in the Arbitration Act. Fed.R.Civ.P. 81(a)(3). Since the Arbitration Act provides only that notice of a motion to vacate, modify or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered, see 9 U.S.C. § 12, and contains no provisions governing amendments to timely motions, the Federal Rules of Civil Procedure apply to this issue.
>
> Proceedings to vacate or confirm an arbitration award are instituted by the filing of a motion in the district court, see 9 U.S.C. §§ 9, 12, just as a normal civil action is commenced by filing a complaint in the district court. Thus, although technically called a "motion," the papers filed by a party seeking to confirm or vacate an arbitration award function as the initial pleadings in post-arbitration proceedings in the district court. *Consequently, Rule 15, which governs amended and supplemental pleadings in a civil action, should also apply to amended motions to vacate arbitration awards.* (Emphasis supplied) (Citations omitted).

In the instant case, no motion, memorandum, or other paper was filed in the district court that could be construed as a responsive pleading until after the Madeoys filed their amended motion to vacate the arbitration award. Therefore, the Madeoys were entitled to amend their motion when they did without leave of the district court. Rule 15 further provides that "whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." Fed.R.Civ.P. 15(c). The entire focus of the Madeoys original, timely motion to vacate was the conduct and result of the arbitration proceedings, to which ADC was a principal party. Thus, under Rule 15, the Madeoys' amended motion to vacate relates back to the date of its original motion to vacate, and is itself a timely motion.

As did Dean Witter in *Bonar*, ADC's argument has "overlooked the key source for determining any question regarding procedure in the district courts;" the Federal Rule of Civil Procedure that clearly applies here. The Madeoys submit that ADC's counsel should have been fully aware of Rule 15's implications in this case *before* instituting a motion for Rule 11 sanctions.[1] Moreover, ADC's argument that the Madeoys made "absolutely no good faith argument for the extension, modification, or reversal of § 12 of the Act" is disingenuous and wholly unwarranted. In light of *Bonar* and the provisions of

---

[1] The Madeoys direct the Court's attention to Rule 11(c)(1)(B) that permits the Court, on its own initiative, "to enter an order describing specific conduct that appears to violate subdivision (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto." The Madeoys suggest that such an order to ADC's counsel would not be inappropriate here.

Rule 15, no application for extension, modification, or reversal of § 12 is required.

The Madeoys leave the merits of this case within the sound judgment and discretion of this Court, but submit that their filing of an Amended Complaint naming ADC as a defendant was well within the scope of established rules for civil procedure and case law. There can be no finding of intent to harass, retaliate, or otherwise obstruct the orderly process.

## Conclusion

WHEREFORE, for the foregoing reasons, the Madeoys respectfully request that ADC Builders, Inc.'s Motion for Rule 11 Sanctions be denied.

Respectfully submitted,

_____
Steven Madeoy, *pro se*
1907 Piccard Drive
Rockville, MD 20850-6068
(301) 987-5717

_____
Melanie Madeoy, *pro se*
1907 Piccard Drive
Rockville, MD 20850-6068
(301) 987-5717

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that copies of the forgoing Reply to ADC Builders Inc.'s Motion for Rule 11 Sanctions has been served, via first class mail, on Gerald I. Katz, Esquire, of Katz & Stone, LLP, 8230 Leesburg Pike, Suite 600, Vienna, VA 22182 AND Jason J. Mendro, Esquire, of Gibson, Dunn & Crutcher, LLP, 1050 Connecticut Avenue, NW, Suite 200, Washington, DC 20036 on this 21st day of June 2007.

_____
Steven Madeoy