UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN MADEOY, *pro se* )<br>MELANIE MADEOY, *pro se*, )<br>         )<br>    Plaintiffs, )<br>         )<br>v.       )    Civil Case No. 1:07-cv-606 (RJL)<br>         )<br>AMERICAN ARBITRATION )<br>ASSOCIATION, *et al.*, )<br>         )<br>    Defendants. )<br>         ) | |

**DEFENDANT ADC BUILDERS, INC.'S MEMORANDUM IN REPLY TO
PLAINTIFFS' OPPOSITION TO ADC'S FED. R. CIV. P. 12 MOTION TO DISMISS**

COMES NOW, Defendant ADC Builders, Inc. ("ADC"), by counsel, in reply to the Opposition mailed to ADC's counsel by *pro se* Plaintiffs, Steven and Melanie Madeoy ("Plaintiffs" or, the "Madeoys") to ADC's Fed. R. Civ. P. 12 Motion to Dismiss ("Motion to Dismiss"), and states as follows:

**I.     FACTUAL BACKGROUND**

On June 8, 2007, ADC filed with this Court its Motion to Dismiss the Plaintiffs' Amended Complaint and Motion to Vacate, Modify or Correct Award by the American Arbitration Association (the "Amended Complaint"). On that same date, pursuant to Fed. R. Civ. P. 5(b)(2)(B), undersigned counsel served the Madeoys with a true and correct copy of the Motion to Dismiss. Pursuant to LCvR 7(b) and Fed. R. Civ. P. 6(e), the Madeoys' opposition to ADC's Motion to Dismiss was due no later than June 22, 2007. No opposition was filed before this deadline. On June 27, 2007 ADC filed its Supplemental Memorandum in support of its Motion to Dismiss.

Finally, on June 29, 2007 (one full week beyond the opposition-filing deadline), counsel for ADC received a copy by mail from the Madeoys of a document entitled Madeoy's Reply to

ADC Builders, Inc.'s Fed. R. Civ. P. 12 Motion to Dismiss ("Opposition"). A true and correct copy of the Opposition is attached hereto as Exhibit "A". However, as late as 9:00 a.m. on the morning of July 6, 2007, the Opposition has yet to be filed by the Madeoys per the Court's electronic Docket Report. Out of an abundance of caution, ADC files this Reply even though the Opposition has yet to be properly filed with the Court.

II.     ARGUMENT

    A.     **The Madeoys' Opposition to ADC's Motion to Dismiss is Untimely Pursuant to Local and Federal Rules and Therefore ADC's Motion to Dismiss Must Be Treated As Conceded.**

Assuming the Madeoys' Opposition is considered by the Court to have been "filed", it was not timely filed pursuant to Local Rules of this Court, and the Federal Rules of Civil Procedure. Specifically, any opposition to ADC's Motion to Dismiss was due within fourteen days of when it was filed. See, LCvR. 7(b) and Fed. R. Civ. P. 6(e). As stated above and expressly admitted to by the Plaintiffs, the Madeoys failed to timely file their Opposition. *Opposition* at 6. Instead, their Opposition, if considered filed at all, was filed at least one week beyond the time limit provided by the applicable rules. Accordingly, the Court must treat the Madeoys' failure to timely respond as conceding to ADC's Motion to Dismiss. *Giraldo v. Dep't. of Justice*, 2002 U.S. App. LEXIS 13685 (D.C. Cir. Jul. 8, 2002); *Fox v. Am. Airlines*, 2003 U.S. Dist. LEXIS 13606 (D.D.C. Aug 5. 2003). A party who fails to timely respond is deemed to have waived his opposition to the motion. *Weil v. Selzter*, 277 U.S. App. D.C. 196, 873 F.2d 1453, 1459 (D.C. Cir. 1989).

The Madeoys have failed to provide this Court with any reasons excusing their late filing. Given the relative sophistication of the Madeoys' pleadings and their apparent familiarity with case law and the procedural rules of this Court, it is reasonable to assume that the *pro se* Plaintiffs are in fact proceeding with the assistance of unidentified legal counsel. Not only is this

2

action in violation of the Fed. R. Civ. P. 11 and unethical as to undisclosed counsel, it makes the Madeoys' delay even less excusable. The Madeoys have failed to timely respond to ADC's Motion to Dismiss. Therefore, this Court must treat their untimely Opposition as conceding to ADC's Motion to Dismiss and dismiss with prejudice the Madeoys' Amended Complaint. *Giraldo,* 2002 U.S. App. LEXIS 13685 and *Fox*, 2003 U.S. Dist. LEXIS 13606.

> B. **This Court Lacks Federal Question Jurisdiction As the Complaint and Amended Complaint Allege No Manifest Disregard of Substantive Federal Law.**

The Madeoys concede that in this action this Court lacks diversity jurisdiction. *Opposition* at 1. This Court also lacks federal-question jurisdiction to hear the Madeoys' Amended Complaint. Despite the Madeoys' recent insistence that their case invokes questions of federal law under the Federal Arbitration Act (9 U.S.C. § 1, *et. seq.*), (the "Act"), controlling precedent holds otherwise. The Madeoys contend the arbitration award should be modified, amended or corrected due to a "manifest disregard of the law." *Opposition* at 2. On that basis, the Madeoys now insist federal-question jurisdiction exists pursuant to the decision of *Greenberg v. Bear Sterns & Co.*, 220 F.3d 22 (2d. Cir. 2000). Their reliance on *Greenberg*, however, is ill-founded.

Notwithstanding that *Greenberg* is not controlling in this Circuit, the *Greenberg* decision is wholly inapplicable in the instant case. In *Greenberg*, the plaintiff's moved to vacate the arbitration award under the Act. The court in *Greenberg* found federal-question subject matter jurisdiction based on the plaintiff's allegations that the arbitrators manifestly disregarded *federal law* (i.e., Section 10(b) of the Securities Exchange Act) during the arbitration proceedings. *Greenberg,* 220 F.3d at 28. Unlike the *Greenberg* plaintiffs, the Madeoys' Complaint and Motion to Vacate ("Complaint") and Amended Complaint allege that the Defendants, American Arbitration Association ("AAA") and the individual arbitrators, not ADC, failed to:

3

      (1) enforce *common law* contract provisions; and

      (2) afford the *"proper"* evidentiary weight to the Madeoys' expert witnesses.

*Complaint* at 4 - 6 (emphasis added). Clearly, neither allegation raises questions of federal law so as to invoke federal-question subject matter jurisdiction. Furthermore, contrary to the Madeoys' assertion that the "record is replete" with statements by the Defendants evidencing a manifest disregard of the law (*Opposition* at 3), there is neither an actual record of the arbitration proceeding nor were their any issues of *federal* law raised or at issue in the underlying arbitration proceeding.

      The Madeoys' Complaint and Amended Complaint alleges that the original Defendants (not ADC) employed undue means, demonstrated evident partiality and committed acts of misconduct. *Complaint* at 4. None of these allegations require the resolution of uniquely federal issues or involve issues pertaining to any specific federal law. See *Greenberg*, 220 F.3d at 27. That is not surprising as the underlying arbitration involved a construction dispute between homeowners and their contractor arising out of a private residence construction project located in Montgomery County, Maryland. Therefore, without more, the Madeoys' allegations are insufficient to support federal-question subject matter jurisdiction. *Id.* at 28. (citing *Baltin v. Alaron Trading Corp.,* 128 F.3d 1446, 1472 (11th Cir. 1997).

      The law is settled with respect to this jurisdictional issue. The mere fact that the Madeoys cite the Act does not confer this Court with jurisdiction. Both the Supreme Court and the Court of Appeals for the District of Columbia Circuit have held that the Act presumes that federal jurisdiction is *otherwise present* and does not create an independent basis for federal jurisdiction. *Moses H. Cone Mem'l. Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 25 (1983) and *Kasap v. Folger Nolan Fleming & Douglas, Inc.,* 334 U.S. App. D.C. 280 (1999). The Madeoy's Complaint and Amended Complaint contain absolutely no allegations from which this Court

could infer that federal-question jurisdiction exists. As such, this Court must dismiss with prejudice the Madeoys' Amended Complaint.

      **C.    The Madeoys' Amended Complaint Was Untimely Served Pursuant to Section 12 of the Act. As Such, the Amended Complaint Must Be Dismissed With Prejudice.**

The Madeoys' concede that the Amended Complaint was untimely served on ADC. Section 12 of the Act requires that any motion to vacate an award must be served upon the adverse party within three months after the award is filed or delivered. 9 U.S.C. § 12. The Madeoys instead served ADC with the Amended complaint fifty-eight days *beyond* the three-month time limit. This Court has previously held that the three-month limit operates as its own statute of limitations without common law or statutory exception. *Delal v. Goldman Sachs & Co.,* 2007 U.S. Dist. Lexis 33238 (D.D.C. May 7, 2007). *Loewen v. United States,* 2005 U.S. Dist. Lexis 44999 (D.D.C. Oct. 31, 2005) and *Thyssen Carbometal Co. v. FAI Energy, Ltd.,* 1990 U.S. Dist. Lexis 427 (D.D.C. Jan 16, 1990). The failure of the Madeoys to comply with the requirements of Section 12 of the Act require the dismissal of the Amended Complaint.

Notwithstanding their admitted untimelines, the Madeoys' incorrectly argue that their Amended Complaint was properly amended pursuant to Fed. R. Civ. P. 15 and therefore relates back to the date their original Complaint was filed[1]. A Fed. R. Civ. P. 15 amendment that adds a party unrelated to the original defendant (*e.g.* the AAA and the individual arbitrators) does not relate back to the date of original pleading if the amendment is *not* made within the limitations

---

[1] Madeoys' reliance on the case, *Bonar v. Dean Witter Reynolds, Inc.*, 835 F.2d 1378 (11th Cir. 1988) to buttress their argument is woefully misplaced. The issue in *Bonar* was whether a party could amend its motion to vacate an award outside the requisite three-month period set forth in the Act to raise additional grounds for vacation. The Madeoys' Amended Complaint seeks to add ADC as a new party defendant to the action. Such factual distinction could not be any greater. As such, the 11th Circuit decision in *Bonar* is of no value to the facts of this present case or the Madeoys' argument on this issue. Further, Madeoys' "relation-back" argument, raised for the first time in their Opposition, shows that at the time of filing the Amended Complaint, the Madeoys knew of and disregarded the statute of limitations imposed by Section 12 of the Act, disregarded the requirements of Fed. R. Civ. P. 15 as it pertained to adding ADC as a party defendant in this action and proceeded to file the Amended Complaint which by its own terms is not warranted by existing law or by a now-frivolous request for the law's extension, modification or reversal. As such, the Madeoys' Opposition only serves to underscore the validity of ADC's Rule 11 Motion filed previously herein.

5

period for commencing the action against the added party. *Farner v. Fireman's Fund Ins. Co.,* 748 F.2d 551, 555 (10th Cir. 1984). Fed. R. Civ. P. 15 does not permit relation-back where the plaintiff seeks to add a new defendant who would thereby be deprived of its statute of limitations defense. *Lujuk v. Johnson,* 853 F.2d 560, 562 (7th Cir. 1988). The Madeoys did not serve ADC with notice of this law suit until well after the Acts' limitation period had expired. Allowing the Madeoys to amend their original Complaint so as to include ADC as a party to this action is contrary to the express provisions of the Act and unfairly prejudices ADC in the defense of this case. Therefore, this Court must dismiss with prejudice the Madeoys' Amended Complaint.

### III.    CONCLUSION

Based on the foregoing reasons, Defendant ADC Builders, Inc. respectfully moves for an Order dismissing with prejudice the Amended Complaint and any and all claims asserted therein, and for such other and further relief in favor of Defendant ADC Builders, Inc., as is necessary and just.

> Respectfully submitted,
>
> ADC BUILDERS, INC.
>
> By Counsel

/s/ Gerald I. Katz
Gerald I. Katz
D.C. Bar No. 237925
Andrew N. Felice
D.C. Bar No. 416060
KATZ & STONE, L.L.P.
8230 Leesburg Pike, Suite 600
Vienna, Virginia  22182
703.761.3000
703.761.6179 (fax)
gkatz@katzandstone.com
afelice@katzandstone.com
*Counsel for Defendant ADC Builders, Inc.*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and accurate copy of the foregoing **DEFENDANT ADC BUILDERS, INC.'S MEMORANDUM IN REPLY TO PLAINTIFFS' OPPOSITION TO ADC'S FED. R. CIV. P. 12 MOTION TO DISMISS** was served via first-class, postage prepaid, this 6th day of July, 2007 upon:

        Mr. Steven Madeoy
        Mrs. Melanie Madeoy
        1907 Piccard Drive
        Rockville, MD 20850-6068
        *Pro Se Plaintiffs,*

and via electronic service upon:

        Jason J. Mendro, Esquire
        Mark A. Perry, Esquire
        Gibson, Dunn & Crutcher, LLP
        1050 Connecticut Ave., N.W.
        Suite 200
        Washington, D.C. 20036-5306
        jmendro@gibsondunn.com
        *Counsel, Defendants American Arbitration Assoc., and Gregory*
        *Beckwith, Andrew H. Diem, and George C. Martin*

                /s/ Gerald I. Katz
                Gerald I. Katz

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



EXHIBIT A
_____

STEVEN MADEOY, *pro se*     :
MELANIE MADEOY, *pro se*    :
          Plaintiffs,    :
v.                          :     Civil Action No. 1:07-cv-00606-RJL
                            :
AMERICAN ARBITRATION        :
ASSOCIATION, et al.,        :
          Defendants.    :

**MADEOY'S REPLY TO ADC BUILDERS, INC.'S
FED.R.CIV.P. 12 MOTION TO DISMISS**

COMES NOW the Plaintiffs, Steven and Melanie Madeoy, *pro se*, and reply to ADC Builders, Inc.'s ("ADC") Fed.R.Civ.P. 12 Motion o Dismiss. The Madeoys urge the Court to deny the Motion to Dismiss and, in support whereof, they rely upon the following:

**I.   Background**

ADC contends that this Court lacks subject matter jurisdiction to hear the Madeoy's claim, complete diversity does not exist, and the Amended Complaint is time-barred.

**II.  Argument**

    A.    <u>The subject matter and diversity claims</u>.

ADC correctly states that, pursuant to 28 U.S.C. §§ 1331 and 1332, the Madeoys must raise "*either* [a] federal question *or* diversity of citizenship jurisdiction." (Emphasis supplied.)

The Madeoys concede that there exists no diversity of citizenship. There is, however, a federal question that grants subject matter jurisdiction to this Court; to wit, application of the Supreme Court's decision in *Wilko v. Swan*, 346 U.S. 427 (1953), where the Court held that an arbitral award may be modified if

that award either "manifestly disregards the law" or is "irrational." *See, also, Marcy Lee Manufacturing Co. v. Cortley Fabrics Co.,* 354 F.2d 42 (2d Cir. 1965).

The Court in *Wilko* held that a failure of the arbitrators to decide in accordance with the provisions of the Securities Act would "constitute grounds for vacating the award pursuant to section 10 of the Federal Arbitration Act." Moreover, Justice Frankfurter, dissenting in *Wilko*, emphasized that "Arbitrators may not disregard the law." 346 U.S. at 440.

The Madeoys submitted a "well-pled" initial Complaint, in which they clearly set out their position that the arbitrator's award must be vacated because it was issued n "manifest disregard of the law." *Complaint,* at 3 (citing *LaPrade v. Kidder, Peabody & Co.,* 246 F.3d 702, 706 (D.C. Cir. 2001)).

In *Greenberg v. Bear, Stearns & Co.,* 220 F.3d 22, 27 (2d Cir. 2000), cert. denied, 531 U.S. 1075 (2001), the Second Circuit held that when a petition to vacate "complains principally and in good faith that the award was rendered in manifest disregard of federal law, a substantial federal question is presented and the federal courts have jurisdiction to entertain the petition."

*Greenberg* makes a forceful case for why the ground asserted in the petition to vacate makes a difference for purposes of federal question jurisdiction. Both the Second Circuit and the Ninth recognize a non-statutory escape valve from an arbitral award where the arbitrator has manifestly disregarded the law. *See, DiRussa v. Dean Witter Reynolds Inc.,* 121 F.3d 818, 821 (2d Cir. 1997); *Todd Shipyards Corp. v. Cunard Line, Ltd.,* 943 F.2d 1056, 1059-60 (9th Cir. 1991) (suggesting that this ground really defines § 10(d)); *Sheet Metal Workers Int'l Ass'n Local Union #420 v. Kinney Air Conditioning Co.,* 756 F.2d 742, 746 (9th Cir. 1985). Given this additional ground for vacatur, the

court in *Greenberg* reasoned that [i]n contrast to grounds of review that concern the arbitration process itself-such as corruption or abuse of power-review for manifest disregard of federal law necessarily requires the reviewing court to do two things: first, determine what the federal law is, and second, determine whether the arbitrator's decision manifestly disregarded that law. This process so immerses the federal court in questions of federal law and their proper application that federal question subject matter jurisdiction is present. *Greenberg*, 220 F.3d at 27.

"Manifest disregard of the law means something more than just an error in the law or a failure on the part of the arbitrators to understand or apply the law." *Mich. Mut. Ins. Co. v. Unigard Sec. Ins. Co.*, 44 F.3d 826, 832 (9th Cir. 1995) (internal quotation marks omitted). "It must be clear from the record that the arbitrators recognized the applicable law and then ignored it." *Id.* Here the record is replete with statements by the arbitrators recognizing applicable law and then ignoring it.

When determining whether there is a federal question the Court must ask "whether the cause of action alleged is so patently without merit as to justify . . . the court's dismissal for want of jurisdiction." *Duke Power Co. v. Carolina Env. Study Group*, 438 U.S. 59, 70 (1978) (quotation marks omitted); *accord, Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666 (1974) (noting that federal jurisdiction existed because plaintiff's assertion that its claim was based in federal law was not "so insubstantial, implausible, foreclosed by prior decisions of [the Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court").

Accordingly, the Madeoys submit that there is a federal question and that the Court has subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1331.

B.  The Amended Complaint is NOT time-barred.

The Madeoys have responded to ADC's "time-barred" argument in their Reply to ADC Builder's Inc.'s Motion for Rule 11 Sanctions and will repeat the relevant portion of the argument for the Court as follows:

"When the Madeoys first filed their Complaint, they were under the impression that only the American Arbitration Association ("AAA") and the individual arbitrators should be named because their cause of action arose from (a) the gross failure of the arbitrators to apply the explicit terms of the contract they were arbitrating and (b) the arbitrary and capricious disregard of voluminous expert testimony by the arbitrators in the determination of an award.

However, on May 3, 2007, counsel for the then defendants wrote to the Madeoys and, in their letter, drew the Madeoys' attention to the provision in 9 U.S.C. § 12 requiring that "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." *See, Letter of Mark A. Perry, Esquire,* May 3, 2007 (Exhibit 1).

Not wanting to be in violation of § 12's provision, the Madeoys elected to serve ADC; but, at first blush, it seemed that the time within which to do so had expired. Then, a review of Rule 15(a) of the Federal Rules of Civil Procedure proved enlightening. Rule 15(a) provides, in pertinent part, that:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served.

Here, the Madeoys utilized the provisions of Rule 15. They filed a one-time amended pleading, prior to the service of any responsive pleading, in which they named ADC in order to comply with the provisions of 9 U.S.C. § 12.

Thus the correct issue before this Court, properly framed, is: whether an amended motion to vacate an arbitration award, filed outside of the three month period, is deemed timely if the original motion to vacate was timely.

In researching this issue, the Madeoys have found a paucity of case law. However, one case stands, apparently alone, in addressing this particular concern. *See, Bonar v. Dean Witter Reynolds Inc.*, 835 F.2d 1378 (11th Cir. 1988)

There, the 11th Circuit rejected the contention that a similar amended motion was untimely. They held that:

> By concentrating only on the provisions of the Arbitration Act, the appellees' argument overlooks the key source for determining any question regarding procedure in the district courts. The Federal Rules of Civil Procedure "govern the procedure in the United States district courts in all suits of a civil nature whether cognizable as cases at law or in equity or in admiralty, with the exception stated in Rule 81." Rule 81 provides that in proceedings under the Arbitration Act, the rules apply only to the extent that matters of procedure are not provided for in the Arbitration Act. Fed.R.Civ.P. 81(a)(3). Since the Arbitration Act provides only that notice of a motion to vacate, modify or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered, see 9 U.S.C. § 12, and contains no provisions governing amendments to timely motions, the Federal Rules of Civil Procedure apply to this issue.

> Proceedings to vacate or confirm an arbitration award are instituted by the filing of a motion in the district court, see 9 U.S.C. §§ 9, 12, just as a normal civil action is commenced by filing a complaint in the district court. Thus, although technically called a "motion," the papers filed by a party seeking to confirm or vacate an arbitration award function as the initial pleadings in post-arbitration proceedings in the district court. *Consequently, Rule 15, which governs amended and supplemental pleadings in a civil action, should also apply to amended motions to vacate arbitration awards.* (Emphasis supplied) (Citations omitted).

In the instant case, no motion, memorandum, or other paper was filed in the district court that could be construed as a responsive pleading until after the Madeoys filed their amended motion to vacate the arbitration award. Therefore, the Madeoys were entitled to amend their motion when they did without leave of the district court. Rule 15 further provides that "whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." Fed.R.Civ.P. 15(c). The entire focus of the Madeoys original, timely motion to vacate was the conduct and result of the arbitration proceedings, to which ADC was a principal party. Thus, under Rule 15, the Madeoys' amended motion to vacate relates back to the date of its original motion to vacate, and is itself a timely motion.

As did Dean Witter in *Bonar,* ADC's argument has "overlooked the key source for determining any question regarding procedure in the district courts;" the Federal Rule of Civil Procedure that clearly applies here." *Madeoys Reply to ADC Builders, Inc.'s Motion for Rule 11 Sanctions,* pp. 3-5.

C.   <u>The Madeoys Reply is four-days tardy</u>.

The Madeoys apologize to the Court in that this pleading is approximately four-days late in being submitted. However, as stated in their Motion for Extension

of Time to Reply to Defendant AAA's Motion to Dismiss, the Madeoys are proceeding *pro se*, the complicated issues require time-consuming research, and the Madeoys can only perform the required research and document preparation during non-working hours; *i.e.*, primarily evenings and weekends. Therefore, the Madeoys beg the Court's indulgence.

**III.    Conclusion.**

WHEREFORE, for the foregoing reasons, the Madeoys respectfully request that ADC Builders Inc.'s Fed.R.Civ.P. 12 Motion to dismiss be denied.

Respectfully Submitted,

_____
Steven Madeoy, *pro se*
1907 Piccard Drive
Rockville, MD 20850-6068
(301) 987-5717


_____
Melanie Madeoy, *pro se*
1907 Piccard Drive
Rockville, MD 20850-6068
(301) 987-5717

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that copies of the forgoing Reply to ADC Builders, Inc.'s Fed.R.Civ.P. 12 Motion to Dismiss have been served via first class mail, this 27th day of June 2007, on Jason J. Mendro, Esquire, of Gibson, Dunn & Crutcher, LLP, 1050 Connecticut Avenue, NW, Suite 200, Washington, DC 20036 AND Gerald I. Katz, Esquire, of Katz & Stone, LLP, 8230 Leesburg Pike, Suite 600, Vienna, VA 22182.

_____
Steven Madeoy