THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEVEN MADEOY, *pro se* :
MELANIE MADEOY, *pro se* :
         Plaintiffs, :
v. : Civil Action No. 1:07-cv-00606-RJL
          :
AMERICAN ARBITRATION :
ASSOCIATION, et al., :
         Defendants. :

**MADEOY'S REPLY TO ADC BUILDERS, INC.'S**
**FED.R.CIV.P. 12 MOTION TO DISMISS**

COMES NOW the Plaintiffs, Steven and Melanie Madeoy, *pro se,* and reply to ADC Builders, Inc.'s ("ADC") Fed.R.Civ.P. 12 Motion o Dismiss. The Madeoys urge the Court to deny the Motion to Dismiss and, in support whereof, they rely upon the following:

**I.   Background**

ADC contends that this Court lacks subject matter jurisdiction to hear the Madeoy's claim, complete diversity does not exist, and the Amended Complaint is time-barred.

**II.   Argument**

    A.   The subject matter and diversity claims.

ADC correctly states that, pursuant to 28 U.S.C. §§ 1331 and 1332, the Madeoys must raise "*either* [a] federal question *or* diversity of citizenship jurisdiction." (Emphasis supplied.)

The Madeoys concede that there exists no diversity of citizenship. There is, however, a federal question that grants subject matter jurisdiction to this Court; to wit, application of the Supreme Court's decision in *Wilko v. Swan,* 346 U.S. 427 (1953), where the Court held that an arbitral award may be modified if

that award either "manifestly disregards the law" or is "irrational." *See, also, Marcy Lee Manufacturing Co. v. Cortley Fabrics Co.*, 354 F.2d 42 (2d Cir. 1965).

The Court in *Wilko* held that a failure of the arbitrators to decide in accordance with the provisions of the Securities Act would "constitute grounds for vacating the award pursuant to section 10 of the Federal Arbitration Act." Moreover, Justice Frankfurter, dissenting in *Wilko*, emphasized that "Arbitrators may not disregard the law." 346 U.S. at 440.

The Madeoys submitted a "well-pled" initial Complaint, in which they clearly set out their position that the arbitrator's award must be vacated because it was issued n "manifest disregard of the law." *Complaint*, at 3 (citing *LaPrade v. Kidder, Peabody & Co.*, 246 F.3d 702, 706 (D.C. Cir. 2001)).

In *Greenberg v. Bear, Stearns & Co.*, 220 F.3d 22, 27 (2d Cir. 2000), cert. denied, 531 U.S. 1075 (2001), the Second Circuit held that when a petition to vacate "complains principally and in good faith that the award was rendered in manifest disregard of federal law, a substantial federal question is presented and the federal courts have jurisdiction to entertain the petition."

*Greenberg* makes a forceful case for why the ground asserted in the petition to vacate makes a difference for purposes of federal question jurisdiction. Both the Second Circuit and the Ninth recognize a non-statutory escape valve from an arbitral award where the arbitrator has manifestly disregarded the law. *See, DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 821 (2d Cir. 1997); *Todd Shipyards Corp. v. Cunard Line, Ltd.*, 943 F.2d 1056, 1059-60 (9th Cir. 1991) (suggesting that this ground really defines § 10(d)); *Sheet Metal Workers Int'l Ass'n Local Union #420 v. Kinney Air Conditioning Co.*, 756 F.2d 742, 746 (9th Cir. 1985). Given this additional ground for vacatur, the

court in *Greenberg* reasoned that [i]n contrast to grounds of review that concern the arbitration process itself-such as corruption or abuse of power-review for manifest disregard of federal law necessarily requires the reviewing court to do two things: first, determine what the federal law is, and second, determine whether the arbitrator's decision manifestly disregarded that law. This process so immerses the federal court in questions of federal law and their proper application that federal question subject matter jurisdiction is present. *Greenberg*, 220 F.3d at 27.

"Manifest disregard of the law means something more than just an error in the law or a failure on the part of the arbitrators to understand or apply the law." *Mich. Mut. Ins. Co. v. Unigard Sec. Ins. Co.*, 44 F.3d 826, 832 (9th Cir. 1995) (internal quotation marks omitted). "It must be clear from the record that the arbitrators recognized the applicable law and then ignored it." *Id.* Here the record is replete with statements by the arbitrators recognizing applicable law and then ignoring it.

When determining whether there is a federal question the Court must ask "whether the cause of action alleged is so patently without merit as to justify . . . the court's dismissal for want of jurisdiction." *Duke Power Co. v. Carolina Env. Study Group*, 438 U.S. 59, 70 (1978) (quotation marks omitted); *accord, Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666 (1974) (noting that federal jurisdiction existed because plaintiff's assertion that its claim was based in federal law was not "so insubstantial, implausible, foreclosed by prior decisions of [the Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court").

Accordingly, the Madeoys submit that there is a federal question and that the Court has subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1331.

B.  The Amended Complaint is NOT time-barred.

The Madeoys have responded to ADC's "time-barred" argument in their Reply to ADC Builder's Inc.'s Motion for Rule 11 Sanctions and will repeat the relevant portion of the argument for the Court as follows:

"When the Madeoys first filed their Complaint, they were under the impression that only the American Arbitration Association ("AAA") and the individual arbitrators should be named because their cause of action arose from (a) the gross failure of the arbitrators to apply the explicit terms of the contract they were arbitrating and (b) the arbitrary and capricious disregard of voluminous expert testimony by the arbitrators in the determination of an award.

However, on May 3, 2007, counsel for the then defendants wrote to the Madeoys and, in their letter, drew the Madeoys' attention to the provision in 9 U.S.C. § 12 requiring that "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." *See, Letter of Mark A. Perry, Esquire,* May 3, 2007 (Exhibit 1).

Not wanting to be in violation of § 12's provision, the Madeoys elected to serve ADC; but, at first blush, it seemed that the time within which to do so had expired. Then, a review of Rule 15(a) of the Federal Rules of Civil Procedure proved enlightening. Rule 15(a) provides, in pertinent part, that:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served.

Here, the Madeoys utilized the provisions of Rule 15. They filed a one-time amended pleading, prior to the service of any responsive pleading, in which they named ADC in order to comply with the provisions of 9 U.S.C. § 12.

Thus the correct issue before this Court, properly framed, is: whether an amended motion to vacate an arbitration award, filed outside of the three month period, is deemed timely if the original motion to vacate was timely.

In researching this issue, the Madeoys have found a paucity of case law. However, one case stands, apparently alone, in addressing this particular concern. *See, Bonar v. Dean Witter Reynolds Inc.*, 835 F.2d 1378 (11th Cir. 1988)

There, the 11th Circuit rejected the contention that a similar amended motion was untimely. They held that:

> By concentrating only on the provisions of the Arbitration Act, the appellees' argument overlooks the key source for determining any question regarding procedure in the district courts. The Federal Rules of Civil Procedure "govern the procedure in the United States district courts in all suits of a civil nature whether cognizable as cases at law or in equity or in admiralty, with the exception stated in Rule 81." Rule 81 provides that in proceedings under the Arbitration Act, the rules apply only to the extent that matters of procedure are not provided for in the Arbitration Act. Fed.R.Civ.P. 81(a)(3). Since the Arbitration Act provides only that notice of a motion to vacate, modify or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered, see 9 U.S.C. § 12, and contains no provisions governing amendments to timely motions, the Federal Rules of Civil Procedure apply to this issue.

> Proceedings to vacate or confirm an arbitration award are instituted by the filing of a motion in the district court, see 9 U.S.C. §§ 9, 12, just as a normal civil action is commenced by filing a complaint in the district court. Thus, although technically called a "motion," the papers filed by a party seeking to confirm or vacate an arbitration award function as the initial pleadings in post-arbitration proceedings in the district court. *Consequently, Rule 15, which governs amended and supplemental pleadings in a civil action, should also apply to amended motions to vacate arbitration awards.* (Emphasis supplied) (Citations omitted).

In the instant case, no motion, memorandum, or other paper was filed in the district court that could be construed as a responsive pleading until after the Madeoys filed their amended motion to vacate the arbitration award. Therefore, the Madeoys were entitled to amend their motion when they did without leave of the district court. Rule 15 further provides that "whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." Fed.R.Civ.P. 15(c). The entire focus of the Madeoys original, timely motion to vacate was the conduct and result of the arbitration proceedings, to which ADC was a principal party. Thus, under Rule 15, the Madeoys' amended motion to vacate relates back to the date of its original motion to vacate, and is itself a timely motion.

As did Dean Witter in *Bonar*, ADC's argument has "overlooked the key source for determining any question regarding procedure in the district courts;" the Federal Rule of Civil Procedure that clearly applies here." *Madeoys Reply to ADC Builders, Inc.'s Motion for Rule 11 Sanctions*, pp. 3-5.

C.  <u>The Madeoys Reply is four-days tardy</u>.

The Madeoys apologize to the Court in that this pleading is approximately four-days late in being submitted. However, as stated in their Motion for Extension

of Time to Reply to Defendant AAA's Motion to Dismiss, the Madeoys are proceeding *pro se*, the complicated issues require time-consuming research, and the Madeoys can only perform the required research and document preparation during non-working hours; *i.e.*, primarily evenings and weekends. Therefore, the Madeoys beg the Court's indulgence.

### III.   Conclusion.

WHEREFORE, for the foregoing reasons, the Madeoys respectfully request that ADC Builders Inc.'s Fed.R.Civ.P. 12 Motion to dismiss be denied.

Respectfully Submitted,

*[signature]*

Steven Madeoy, *pro se*
1907 Piccard Drive
Rockville, MD 20850-6068
(301) 987-5717

*[signature]*

Melanie Madeoy, *pro se*
1907 Piccard Drive
Rockville, MD 20850-6068
(301) 987-5717

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that copies of the forgoing Reply to ADC Builders, Inc.'s Fed.R.Civ.P. 12 Motion to Dismiss have been served via first class mail, this 27th day of June 2007, on Jason J. Mendro, Esquire, of Gibson, Dunn & Crutcher, LLP, 1050 Connecticut Avenue, NW, Suite 200, Washington, DC 20036 AND Gerald I. Katz, Esquire, of Katz & Stone, LLP, 8230 Leesburg Pike, Suite 600, Vienna, VA 22182.

*[signature]*

Steven Madeoy