THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
JUL 1 0 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

STEVEN MADEOY, *pro se*          :
MELANIE MADEOY, *pro se*        :
      Plaintiffs,          :
v.                                              :     Civil Action No. 1:07-cv-00606-RJL
                                      :
AMERICAN ARBITRATION           :
ASSOCIATION, et al.,                   :
      Defendants.         :

**MADEOYS' RESPONSE TO ADC BUILDERS, INC.'S
REPLY TO PLAINTIFF'S OPPOSITION TO
FED.R.CIV.P. 12 MOTION TO DISMISS**

COMES NOW the Plaintiffs, Steven and Melanie Madeoy, *pro se*, and respond to ADC Builders, Inc.'s ("ADC") Reply to Plaintiff's Opposition to ADC's Fed.R.Civ.P. 12 Motion o Dismiss. The Madeoys once again urge the Court to deny the Motion to Dismiss and, in support whereof, they rely upon the following:

**I.     Background.**

ADC filed a Fed.R.Civ.P. 12 Motion to Dismiss the Madeoys' Amended Complaint in this Court on June 8, 2007. On June 27, 2007 the Madeoys filed, via Federal Express, their *pro se* Reply to ADC Builders Inc.'s Fed.R.Civ.P. 12 Motion to Dismiss (the "Reply"). On July 6, 2007, ADC filed Defendant ADC Builders, Inc.'s Memorandum in Reply to Plaintiff's Opposition to ADC's Fed.R.Civ.P. 12 Motion to Dismiss.

In its most recent pleadings, ADC implies that, since the electronic docket sheet at July 6, 2007 fails to note the entry of the Madeoys' Reply, the document may not have been filed at all. Moreover, the instant Memorandum contends that the Madeoys' Reply, if filed, was untimely and once again raises

the issue of "unidentified legal counsel." Finally, ADC's Memorandum restates the arguments made in its original Motion to Dismiss.

**II.    Argument.**

**A.    The Madeoys' Reply was properly filed With the Clerk.**

The Madeoys' Reply was transmitted to the Clerk of the Court via Federal Express Tracking No. 790771656134 and was received at the Court's Mailroom by P. Palmer on June 28, 2007 at 9:48 AM. *See, FEDEX Delivery Confirmation and Madeoy Transmittal Letter, 6/27/2007* (Exhibit 1).

Because the Madeoys are *pro se* plaintiffs and do not have access to the Court's electronic filing system, all of their pleadings and responses must be filed with the Clerk in person or by delivery agent.

The Madeoys became aware early on in this process that there existed a considerable time-lag between the receipt of a document in the Court Mailroom and its eventual entry on the docket sheet. To that end, and after several telephone attempts with no response, Steven Madeoy finally contacted Ms. Jackie Francis, a Court employee in the Clerk's Office designated to oversee docket entries in this case. On June 28, 2007 Ms. Francis acknowledged that two documents had been received but not yet entered on the docket sheet. These became docket entries 15 and 16. Ms. Francis was also advised to expect the Madeoys' Reply on that day. However, when the Reply had not been entered by July 3, 2007, Steven Madeoy telephoned Ms. Francis, and again on July 5, 2007, to request its prompt entry. Apparently Ms. Francis was away from the office for the holiday week and her voicemail indicated she would return on July 9, 2007.

It is clear that the Madeoys correctly filed their Reply with the Clerk. It is not clear why, when ADC's counsel had received a copy of the Reply with a Certificate of Service attached, it was necessary to burden the Court with an issue that could have been resolved with a telephone call to the Clerk's Office.

> B. **ADC is Attempting to Gain an Unfair Advantage by "Papering" the Madeoys with Voluminous Pleadings Designed to Overwhelm Their Resources.**

As noted above, the filing of ADC's most recent pleading was wholly unnecessary and its filing question could have been easily resolved. In addition, most of ADC's arguments are a regurgitation of issues raised in its original Rule 12 Motion to Dismiss.

The Madeoys have advised the Court that "the complicated issues require time-consuming research, and [they] can only perform the required research and document preparation during non-working hours; *i.e.*, primarily evenings and weekends. *Madeoys' Reply to ADC's Rule 12 Motion to dismiss*, 6/27/2007, p.7. Because of that, the Madeoys acknowledged that they were four-days tardy in filing their Reply and begged the Court's indulgence.

Now ADC seeks to pounce upon the *pro se* Madeoys by filing yet another Memorandum over a minor delay that caused no harm and is well within the Court's discretion to accept.

> C. **Although the Madeoys' Reply Was Filed Four Days Late, the Court May Accept the Pleadings.**

The Madeoys transmitted their Reply to the Clerk on June 27, 2007, four days beyond the date prescribed by L.Cv.R. 7(b), explained the reason for the delay, and requested that the Court indulge their minor lapse in timeliness.

In its Memorandum, ADC insists that the Court *must* treat the Madeoys' tardiness as their concession to ADC's Motion to Dismiss. In support of their

3

position, ADC first cites *Giraldo v. Dep't. of Justice,* 2002 U.S.App. LEXIS 13685 (D.C. Cir. Jul. 8, 2002). However, *Giraldo,* an unpublished opinion, merely held that the "district court did not abuse its *discretion* in treating the motion for summary judgment as conceded" *(emphasis supplied)* and underscores one of the main points that the Madeoys wish to make; this Court has the discretion to accept the Reply.

ADC also cites *Fox v. Am. Airlines,* 259 F.Supp. 2d 56 (D.C.D.C. 2003) and *Weil v. Seltzer,* 873 F.2d 1453 (D.C. Cir. 1989). In *Fox,* the district court concluded that, when a plaintiff, including one proceeding *pro se* files a response to a dispositive motion but fails to address arguments made in the motion, the court may treat those arguments as conceded. *Accord, Fletcher v. District of Columbia,* 2005 WL 670676, at *6 n. 9 (D.D.C. March 22, 2005). Such is not the case here. The Madeoys did, in fact, address ADC's arguments and *Fox* is inapplicable.

In *Weil,* the issue revolved around Local Rule 108(b)'s application to a grant of summary judgment – not the issue raised by ADC here. Importantly, Rule 108(b) provides that "if such a memorandum is not filed within the prescribed time, the Court *may* treat the motion as conceded." (Emphasis supplied.) As such, *Weil* underlines that, once again, judicial discretion is the primary determining factor when the Court evaluates a Motion to Dismiss for lack of timeliness. As ADC would have it, "the Court *must* treat the Madeoys' failure to timely respond as conceding to ADC's Motion to Dismiss." (Emphasis supplied.) This is most emphatically not the case; despite ADC's disingenuous argument.

The brevity of the filing delay of the Reply and lack of harm to any of the defendants should be sufficient rationale for the Court to reject the timeliness argument advanced by ADC. If more is required, the Madeoys suggest that: (a) due to the Madeoys' *pro se* status, they should be given the benefit of any doubt; (b) the Court may view their tardiness as "excusable neglect;" and/or (c) equitable tolling may apply.

It is well settled that a district court is required to liberally construe a *pro se* plaintiff's pleadings, "however inartfully pleaded." *Estelle v. Gamble,* 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam) (holding *pro se* pleadings to less stringent standards than formal pleadings drafted by lawyers); *accord, Kidd v. District of Columbia,* 206 F.3d 35 (D.C.Cir. 03/24/2000). The purpose of this more solicitous review is to insure that *pro se* pleadings are given "fair and meaningful consideration." *Matzker v. Herr,* 748 F.2d 1142, 1146 (7th Cir. 1984).

The Supreme Court addressed the meaning of "excusable neglect" in *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380 (1993). The Court set forth factors to consider when determining what kind of neglect will be considered "excusable." These include: (1) the danger of prejudice to the party opposing the modification, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *Id.* at 395.

There is no danger of prejudice to ADC by the Madeoys four-day delay and the delay can have no impact on the judicial proceedings. As pointed out earlier, the delay was due to the sheer volume of research required of the *pro se*

5

Madeoys and, as can be clearly seen by the Court, the Madeoys have acted in good faith.

In *Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 95 (1990), the Supreme Court pointed out that "[t]ime requirements in lawsuits between private litigants are customarily subject to 'equitable tolling,' " 498 U.S. at 95; *i.e.,* there is a "rebuttable presumption" in favor of equitable tolling. Courts have more willingly granted equitable tolling "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period." *Norman v. United States,* 467 F.3d 773 (D.C.Cir. 2006).

When certain circumstances prevent a litigant from acting within the statutory period, however, the doctrine of equitable tolling abates this harshness by "stopping the clock" during the time the litigant was unable to act. *See, Justice v. United States,* 6 F.3d 1474, 1475 (11th Cir. 1993) ("The doctrine of equitable tolling abates the harsh operation of the statute of limitations under certain circumstances in which barring a plaintiff's potentially meritorious action would be unjust."); equitable tolling adds to the time to file a claim any time during which relevant conditions prevented the plaintiff from acting within the statutory period to preserve his or her rights.

The Madeoys submit that they have continuously exercised due diligence - within the scope of their available resources - in the prosecution of their Complaint and their Reply should be accepted by the Court as filed.

### D.    ADC Has Misconstrued the Jurisdictional Issue.

ADC claims that the Madeoys rely, in principal part, on the decision in *Greenberg v. Bear, Stearns & Co.,* 220 F.3d 22 (2d Cir. 2000) to support their contention that a federal question exists. But that claim is misplaced. The

Madeoys first rely on *Wilko v. Swan*, 346 U.S. 427 (1953) which states that an arbitral award may be modified if the award either "manifestly disregards the law" or is "irrational." *Madeoys' Reply*, 6/27/2007, pp. 1-2.

*Wilko* created the "law" that has been "manifestly disregarded" and that, therefore, resulted in an "irrational" decision by the arbitrators. As set out in the Reply, "arbitrators may not disregard the law." *Id.* at 440 (Frankfurter, J., dissenting). And from this premise, *Greenberg* does apply here.

E.  **Rule 15 Provides for the Amended Complaint.**

ADC posits that the Madeoys' reliance on Fed.R.Civ.P. 15 does not permit "relation-back where the plaintiff seeks to add a new defendant who would be thereby be deprived of it statute of limitations defense," citing two cases from the 1980's in support of its argument; *Farner v. Fireman's Fund, Ins. Co.*, 748 F.2d 551 (10th Cir. 1984) and *Lujuk v. Johnson*, 853 F.2d 560 (7th Cir. 1988).

But, once again, ADC's reliance is misplaced. These two cases addressed the version of Rule 15 *in effect at that time*. Rule 15 was amended in 1991 and the current version provides, in pertinent part, as follows:

> (c) Relation Back of Amendments.
>
> An amendment of a pleading relates back to the date of the original pleading when
>
> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by

amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Clearly, the conditions necessary to satisfy Rule 15(c) are present. The claim asserted in the Amended Complaint arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading and is within the period provided by Rule 4(m) for service of the summons and complaint; ADC (A) received such notice of the institution of the action that the it will not be prejudiced in maintaining a defense on the merits, and (B) ADC knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

F.  **ADC's Counsel's Conduct.**

The Madeoys reluctantly suggest that the conduct of ADC's counsel in this proceeding is unwarrantedly strident and inappropriate.

For example, ADC persists in suggesting to the Court that the Madeoys are not truly *pro se* plaintiffs and are "proceeding with the assistance of unidentified legal counsel." *ADC Rule 12 Motion to Dismiss* at p. 2 and *ADC Memorandum in Support of Motion for Rule 11 Sanctions*, ¶ B. This, despite the Madeoys' declaration pursuant to 28 U.S.C. § 1746, that they have not employed unidentified legal counsel to "ghost write" their pleadings. *Madeoys' Reply to Motion for Rule 11 Sanctions*, p.2.

This, coupled with voluminous pleadings containing inapplicable case citations only serves to unfairly burden the *pro se* Madeoys and begs the

question: Why does a powerful boutique law firm that specializes in construction and arbitration matters wish to obfuscate the issues? The Madeoys only wish a fair disposition on the merits of their Complaint.

### III. Conclusion.

WHEREFORE, for the foregoing reasons, the Madeoys respectfully request that the Court accept as filed their Reply and deny ADC's Fed.R.Civ.P. 12 Motion to Dismiss

Respectfully Submitted,

_____
Steven Madeoy, *pro se*
1907 Piccard Drive
Rockville, MD 20850-6068
(301) 987-5717

_____
Melanie Madeoy, *pro se*
1907 Piccard Drive
Rockville, MD 20850-6068
(301) 987-5717

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that copies of the forgoing Madeoys' Response to ADC Builders, Inc.'s Reply to Plaintiff's Opposition to Fed.R.Civ.P. 12 Motion to Dismiss have been served via first class mail, this 9th day of July 2007, on Jason J. Mendro, Esquire, of Gibson, Dunn & Crutcher, LLP, 1050 Connecticut Avenue, NW, Suite 200, Washington, DC 20036 AND Gerald I. Katz, Esquire, of Katz & Stone, LLP, 8230 Leesburg Pike, Suite 600, Vienna, VA 22182.

_____
Steven Madeoy

| | | | | |
|---|---|---|---|---|
| Tracking number | 790771656134 | Reference | | S.MAD |
| Signed for by | P.PALMER | Destination | | WASHINGTON, DC |
| Ship date | Jun 27, 2007 | Delivered to | | Mailroom |
| Delivery date | Jun 28, 2007 9:48 AM | Service type | | Priority Envelope |
| | | Weight | | 0.5 lbs. |
| Status | Delivered | | | |
| Signature image available | Yes | | | |

| Date/Time | Activity | Location | Details |
|---|---|---|---|
| Jun 28, 2007  9:48 AM | Delivered | WASHINGTON, DC | |

**STEVEN F. MADEOY**
1907 PICCARD DRIVE
ROCKVILLE, MARYLAND 20850
(301) 987-5717

<u>*VIA FEDERAL EXPRESS*</u>
*TRACKING NO. 790771656134*

June 27, 2007


Clerk of the Court
United States District Court
 for the District of Columbia
United States Courthouse
333 Constitution Avenue, NW
Washington, DC 20001

        Re:  *Madeoy v. American Arbitration Association, et al*
               Civil Action: 1:07-cv-00606-RJL

Dear Clerk:

    Enclosed please find an original and two (2) copies of my wife's and my *pro se* Reply to ADC Builders Inc.'s Fed.R.Civ.P. 12 Motion to Dismiss.

    Please docket these pleadings upon receipt. I have served counsel for all parties via first-class mail.

    Thank you for your prompt attention to this matter.

                              Sincerely,

                              Steven Madeoy

Enclosures