THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEVEN MADEOY, *pro se*
MELANIE MADEOY, *pro se*
    Plaintiffs,
v.

AMERICAN ARBITRATION
ASSOCIATION, et al.,
    Defendants.

Civil Action No. 1:07-cv-00606-RJL

RECEIVED
JUL 19 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### MADEOYS' OPPOSITION TO DEFENDANT AAA'S FED.R.CIV.P. 12 MOTION TO DISMISS

COMES NOW the Plaintiffs, Steven and Melanie Madeoy, *pro se*, and submit their opposition to AAA's Fed.R.Civ.P. 12 Motion to Dismiss. The Madeoys urge the Court to deny the Motion to Dismiss and, in support whereof, they rely upon the following:

**I. Background.**

On March 20, 2007 the Madeoys filed their Complaint and Motion to Vacate, Modify, or Correct Award by the American Arbitration Association ("Complaint"). On April 26, 2007 AAA filed an Unopposed Motion for Extension of Time Within Which to Respond to the Complaint. Their motion was granted by Minute Order on April 27, 2007. Pursuant to Fed.R.Civ.P. 15(c), on May 23, 2007 the Madeoys amended their Complaint to add ADC Builders Inc. ("ADC") as a defendant.[1]

On June 22, 2007 AAA Defendants filed a Motion to Dismiss, arguing that the Court should dismiss all claims against them for failure to state a claim upon which relief could be granted. AAA contended, *inter alia*, that: (1)

---

[1] Defendant ADC has filed numerous motions and supplemental documents related to this matter. The Madeoys incorporate by reference all of the arguments made in their responsive pleadings as an integral part of this Reply.

the Federal Arbitration Act provides no cause of action against the AAA Defendants; (2) the AAA Defendants enjoy absolute immunity; and (3) the Madeoys' claims against the AAA Defendants are contractually barred. On June 29, 2007 the Madeoys filed a Motion for Extension of Time to Respond to Defendant AAA's Motion to Dismiss. The motion was granted by Minute Order on July 2, 2007, directing that their response be filed by July 23, 2007.

**II.   Argument.**

   A.   <u>The Federal Arbitration Act Provides a Cause of Action Against the AAA Defendants</u>.

In *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1 (1983), the Supreme Court held that, to assert a cause of action under the Federal Arbitration Act, "[t]here must be diversity of citizenship *or* some other independent basis for federal jurisdiction." (Emphasis supplied.) The operative word here is "or" and it is well settled that, once diversity of citizenship has been established, the court need look no further to determine whether a plaintiff may assert a cause of action.

In *Borg-Warner Protective Services Corporation v. Equal Employment Opportunity Commission*, 245 F.3d 831 (D.C.Cir. 2001), a unanimous circuit court panel stated that:

> "[t]he plaintiff must be contending that a federally ordained rule specifically creates his cause of action." Paul J. Mishkin, *The Federal Question in the District Courts*, 53 Colum. L. Rev. 157, 164 (1953). "Any national source," he added, "will suffice...." *Id.* Or as Justice Holmes wrote in *American Well Water Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916), a "suit arises under the law that creates the cause of action."

The Madeoys Complaint "arises under" federal law pursuant to 9 U.S.C. § 10 (a)(3), which confers jurisdiction to this Court and also creates a cause of action. § 10 (a)(3 states in pertinent part that:

2

> (a) In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—
>
> (3) where the arbitrators were guilty of ... *any other misbehavior by which the rights of any party have been prejudiced.* (Emphasis supplied.)[2]

Defendants AAA also posit that, "the FAA, by specifying that the adverse party must be notified, necessarily contemplates that the arbitrators and provider organization need *not* be notified because they are neither necessary nor proper parties to the suit (emphasis in original)." *See, AAA Motion to Dismiss*, p. 4.

The cited wording is correct, but it has no specific application to the case at bar. Importantly, the FAA does not proscribe the notification or naming of the arbitrators and/or provider organization; so, it might be argued that, since there is no proscription, the Act necessarily contemplates the possibility that there are circumstances where they should be named as defendants. If Congress wished to specifically exclude arbitrators or sponsoring organizations from being named or notified under the Act, it certainly knew how to do so.

Defendant AAA is apparently envisioning no possible circumstance where the arbitrators or sponsoring organization are proper parties to a motion to vacate an arbitration award under 9 U.S.C. § 10. As will be demonstrated in a later section of this pleading, there are such circumstances and the Madeoys' Complaint accurately states them.

---

[2] Shortly after the award, Defendant AAA was notified that they had acted with specific misconduct and illegality; their acts having prejudiced the Madeoys. The Madeoys exhorted Defendant AAA to reconsider its award but the request was rebuffed. For Defendant AAA to now assert that there is no cause of action belies their foreknowledge and is disingenuous at best. *See, Letter of Steven Madeoy, 2/16/2007* (Exhibit 1).

3

Finally, Defendant AAA seeks support for its position in *Corey v. New York Stock Exchange*, 691 F.2d 1205 (6th Cir. 1982). But *Corey* says much to support the Madeoys' cause of action, although the facts of the case are inapposite here because Corey never availed himself of the right to challenge the arbitral award under the Federal Arbitration Act.

For example, *Corey* states that:

> Arbitrators are immune from civil liability for the acts arising out of *contractually agreed upon* arbitration proceedings. *Id.,* at 1211. (Emphasis supplied.)

This is precisely the Madeoys' point; the contractual agreement underlying the arbitration award was breached by Defendant AAA. In addition, *Corey,* discussing safeguards, noted the "automatic right of judicial review provided by the federal Arbitration Act, 9 U.S.C. §§ 1 et seq. .... The circumstances under which an award may be vacated include procurement of an award by fraud, corruption, undue means, partiality or corruption in the arbitrators, misconduct on the part of the arbitrators in refusing to hear pertinent evidence, *arbitrators acting in excess of their powers, arbitrators committing errors of law, etc.* 9 U.S.C. §§ 9, 10, 11.(Emphasis supplied.)" *Cory* at 1212.

Thus, the Madeoys submit that the Federal Arbitration Act does provide a cause of action against Defendant AAA.

B.   The AAA Defendants Do Not Enjoy Arbitral Immunity.

Defendant AAA expends considerable effort to support the notion that arbitrators and providing organizations are entitled to absolute immunity "from all claims related to their provision of dispute resolution services." *AAA Motion to Dismiss,* p.6, n.5.

4

The Madeoys do not dispute the concept of arbitral immunity nor the fact that it applies in the vast majority of cases involving challenges to an arbitration award. But there exists one major exception to the doctrine; arbitral immunity may not attach when the challenged act is ministerial - not decisional - in nature.

In *Pfannenstiel v. Lynch*, 477 F.3d 1155 (10th Cir. 2007), the Tenth Circuit recently held that "the doctrine of arbitral immunity does not protect arbitrators or their employing organizations from all claims asserted against them." The Court held that:

> The key question, we believe, is whether the claim at issue arises out of a decisional act. Maureen A. Weston, *Reexamining Arbitral Immunity in an Age of Mandatory and Professional Arbitration*, 88 Min. L. Rev. 449, 505 (Feb. 2004). In other words, does the claim, regardless of its nominal title, effectively seek to challenge the decisional act of an arbitrator or arbitration panel? If so, then the doctrine of arbitral immunity should apply. *Id.* If not, the doctrine would not apply. *Id.* at 506; *see Caudle v. American Arbitration Ass'n*, 230 F.3d 920, 922 (7th Cir. 2000) (suggesting that arbitration association would not be immune from a claim for a refund due to its failure to provide promised arbitration services); *cf. Geitz v. Overall*, 62 Fed. Appx. 744, 746 (8th Cir. 2003) (concluding that state-court clerks were "absolutely immune only for acts that may be seen as discretionary, or for acts taken at the direction of a judge according to court rule"); *McCray v. Maryland*, 456 F.2d 1, 4 (4th Cir. 1972) ("A state officer is generally not immune under common law for failure to perform a required ministerial act.").

Accordingly, the crux of the arbitral immunity question must revolve around whether the act(s) by Defendant AAA complained of by the Madeoys was decisional or ministerial.

"Ministerial" is defined broadly as "[o]f or relating to an act that involves obedience to instructions or laws instead of discretion, judgment, or skill." *Black's Law Dictionary*, p. 1017 (8th ed. 2004). *See, Ramdass v. Angelone*, 530 U.S. 156 (2000) (defining a ministerial act as one that is inevitable and foreordained under state law). Justice O'Connor's use of the term "ministerial act" in her *Ramdass* concurrence is broad. Her use of the words "inevitable" and "foreordained" to clarify the meaning of "purely ministerial act" shows that her rule contemplates a range of inevitable occurrences, beyond those commonly thought of as ministerial. *See, also, Campbell v. Polk*, 447 F.3d 270 (4th Cir. 2006); *Beall v. United States*, 467 F.3d 864 (5th Cir. 2006) (IRS defining "ministerial act" as a procedural or mechanical act that does not involve the exercise of judgment or discretion, and that occurs during the processing of a taxpayer's case after all prerequisites to the act, such as conferences and review by supervisors, have taken place); *accord, Horton Homes Inc. v. United States*, 936 F.2d 548 (11th Cir. 1991); *Independence Mining Co. v. Babbitt*, 105 F.3d 502 (9th Cir. 1997) (a "ministerial act" for purposes of mandamus relief has been defined as a clear, non-discretionary agency obligation to take a specific affirmative action, which obligation is positively commanded and "so plainly prescribed as to be free from doubt").

The provision of the contract document at issue, AIA Contract Document A117 (Abbreviated Form of Agreement Between Owner and Contractor) [3], is that which contains the "arbitration clause." Paragraph 15.8 states that:

---

[3] Interestingly, the contract between the parties, executed on an AIA Contract Form A117 on June 10, 2004, utilized a form of contract that had been removed from use by the AIA in 1997. *See,* http://www.aiami.com/aiami-documents.asp. This raises additional questions about the responsibilities, duties, and acts of the AAA Defendants as they apply here; inquiries that are properly explored during the merits phase.

> All claims or disputes between the Contractor and the Owner *arising out of or relating to the Contract documents*, or the breach thereof, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect unless the parties mutually agree otherwise. (Emphasis supplied.) *Complaint*, Exhibit 2.

Rule R-2 of the Construction Industry Arbitration Rules of the American Arbitration Association states that:

> When parties agree to arbitrate under these rules, or when they provide for arbitration by the AAA and an arbitration is initiated under these rules, they thereby authorize the AAA to administer the arbitration. The authority and duties of the AAA are prescribed in the agreement of the parties and in these rules, and may be carried out through such of the AAA's representatives as it may direct.

In the instant case, the Madeoys assert that their Complaint arises out of the contract documents (which provided for arbitration by the AAA) or the breach thereof, and that the arbitrators and the sponsoring organization agreed to perform a "ministerial act" when they agreed to arbitrate the dispute in accordance with the terms of the contract between the parties. The arbitrators had a "ministerial" duty to enforce the terms of the contract and failed to do so. That duty was "a procedural or mechanical act that does not involve the exercise of judgment or discretion." It was a clear, non-discretionary obligation to take a specific affirmative action, which obligation is positively commanded and "so plainly prescribed as to be free from doubt." *See, UMWA v. Marrowbone Dev. Co.*, 232 F.3d 383, 388 (4th Cir. 2000) (concluding that arbitrator committed misconduct by failing to provide parties with full and fair hearing); *accord, Three S Delaware, Inc v. DataQuick Information Systems, Inc.*, No. 06-1227 (4th Cir. 07/12/2007). The Madeoys complain that the failure of the

arbitrators to perform their required ministerial act(s) operated to deprive them of a full and fair hearing within the meaning of the FAA.

As a result, the entire award process was tainted and the Madeoys were subjected to compensatory and punitive damages directly related to the arbitrator's failure to perform their ministerial duty. The arbitrator's failure to correctly perform their clearly mandated "ministerial" act gives rise to a claim upon which relief may be granted.

C.    The Madeoys' Claims Are Not Contractually Barred.

Defendant AAA asserts that the Madeoys' claims are contractually barred and cites *Volt Info. Sci., Inc. v. Bd. of Trs.*, 489 U.S. 468 (1989) for the proposition that the "FAA 'requires courts to enforce privately negotiated agreements to arbitrate, like other contracts, in accordance with their terms.'" *Motion to Dismiss*, p.11. In *Volt*, the substantive issue was the application of state vs. federal arbitration law where the parties had agreed that state law should govern; an issue bearing no relation to Defendant AAA's allegation of failure to state a claim. In the original context, the Court was referencing *Prima Paint v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404, n. 12 (1967) (the Act was designed "to make arbitration agreements as enforceable as other contracts, but not more so").

The Madeoys take no exception to this mandate but, once again, point out that Defendant AAA breached their ministerial duty to enforce the contract that was the subject of the arbitration. Yes, the arbitration agreement contained the Rule 49 proviso regarding liability of the arbitrators or the AAA, but that rule does not obviate the maxim that "arbitrators may not disregard the law." *Wilko v. Swan*, 346 U.S. 427, 440 (1953) (Frankfurter, J., dissenting).

It appears that Defendant AAA desires to have the best of all contract worlds: they wish to be third party beneficiaries of a particular contract clause while denying liability for failure to perform the ministerial act(s) required by the underlying contract document.

Defendant AAA also suggests that the parties to the arbitration benefited from the inclusion of Rule 49, stating that "[a]greeing to provide this benefit made it possible for the Madeoys and ADC to procure valuable and mutually desired services at an economical price." *Motion to Dismiss*, p.14. But this presupposes that the arbitrators would act in accord with their duties. Clearly this did not occur and the Madeoys never received the consideration they bargained for. In essence, the arbitrators breached their contract with the parties when they refused to perform the required ministerial act(s).

D.   The Motion to Dismiss Should be Denied.

Defendant AAA's Motion to Dismiss is based on the Madeoys' "failure to state a claim upon which relief could be granted." *Motion to Dismiss*, p.4. The Madeoys submit that Defendant AAA's breach of contract is another valid claim. As the Supreme Court recently put it: "Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract." Jones v. Bock, 127 S.Ct. 910, 921 (2007); *Thompson v. Drug Enforcement Administration*, No. 04-5450 (D.C.Cir. 06/26/2007).

In *Jane Doe v. United States Dep't. of Justice,* No. 84-5006 (D.C. Cir. 1985), this Circuit explained how a motion to dismiss for failure to state a claim must be treated. "A motion to dismiss for failure to state a claim upon which

relief can be granted is generally viewed with disfavor and rarely granted. *See, 2A Moore's Federal Practice* § 12.08 (2d ed. 1948 & Supp. 1984). For the purposes of such a motion, the factual allegations of the complaint must be taken as true, and any ambiguities or doubts concerning the sufficiency of the claim must be resolved in favor of the pleader. *See, Scheuer v. Rhodes,* 416 U.S. 232 (1979); *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Sinclair v. Kleindienst,* 711 F.2d 291, 293 (D.C. Cir. 1983); *Riegle v. Federal Open Market Committee,* 656 F.2d 873, 877 (D.C. Cir.), cert. denied, 454 U.S. 1082 (1981); *Shear v. National Rifle Ass'n of America,* 606 F.2d 1251, 1253 (D.C. Cir. 1979). *In particular, "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his [or her] claim which would entitle him [or her] to relief." Conley,* 355 U.S. at 455-56; *See, Hughes v. Rowe,* 449 U.S. 5, 10 (1980)(superfluous citations omitted)(emphasis supplied)."

This is still "good law." *See, Sparrow v. United Air Lines, Inc.,* 216 F.3d 1111 (D.C. Cir. 2000) ("[i]n considering the claims dismissed pursuant to Rule 12(b)(6), we must treat the complaint's factual allegations as true [and] must grant plaintiff the benefit of all reasonable inferences from the facts alleged," *Sparrow,* 216 F.3d at 1114; *accord, Trudeau v. Federal Trade Commission,* 456 F.3d 178 (D.C.Cir. 07/28/2006)

### III.   Conclusion.

The Madeoys contend that; (1) there exists a cause of action against the AAA Defendants, (2) arbitral immunity does not apply in this case, and (3) their claims are not contractually barred.

WHEREFORE, for the foregoing reasons, the Madeoys respectfully request that Defendant AAA's Motion to Dismiss be denied and that their Complaint be permitted to proceed on the merits.

Respectfully Submitted,

*/s/ Steven Madeoy*
Steven Madeoy, *pro se*
1907 Piccard Drive
Rockville, MD 20850-6068
(301) 987-5717


*/s/ Melanie Madeoy*
Melanie Madeoy, *pro se*
1907 Piccard Drive
Rockville, MD 20850-6068
(301) 987-5717

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that copies of the foregoing Madeoys' Opposition to Defendant AAA's Fed.R.Civ.P. 12 Motion to Dismiss have been served via first class mail, this 19th day of July 2007, on Jason J. Mendro, Esquire, of Gibson, Dunn & Crutcher, LLP, 1050 Connecticut Avenue, NW, Suite 200, Washington, DC 20036 AND Gerald I. Katz, Esquire, of Katz & Stone, LLP, 8230 Leesburg Pike, Suite 600, Vienna, VA 22182.

*/s/ Steven Madeoy*
Steven Madeoy

STEVEN F. MADEOY
1907 PICCARD DRIVE
ROCKVILLE, MARYLAND 20850
(301) 987-5717

VIA FEDERAL EXPRESS

February 16, 2007

Ms. Allyson Bloom, LCC Case Manager
American Arbitration Association
2200 Century Parkway, Suite 300
Atlanta, GA 30345



    Re: Case 16 110 Y 00629 05
      *ADC Builders v. Madeoy*

Dear Ms. Bloom:

  My wife and I were parties in the case referenced above. As you know, an Award of Arbitration was issued in this matter, by a Washington, D.C.-based Construction Arbitration Tribunal, on January 4, 2006. The purpose of this letter is to notify the Association that we do not believe the award was fairly determined in accord with recognized arbitration procedures and to preserve our legal remedies.

  In the instant case, the tribunal ignored specific provisions of the very contract that mandated the arbitration in the first instance: to wit; it ignored (a) the "time is of the essence" provision, (b) the conclusions of uncontroverted testimony by recognized expert witnesses, and (c) assigned unrealistically low and unsupported values to our awards for structural, foundation, and other costs.

  Title 9, Section 10 *et seq.* of the United States Code provides the mechanism that permits the United States District Court for the District of Columbia to issue an order vacating a contested award. However, prior to filing an action in the court, I wish to afford the Association an opportunity to revisit the rationale(s) for the panel's decision and, in the interest of fairness and conservation of resources, announce an award that more accurately reflects the facts of the case.

Ms. Allyson Bloom
February 16, 2007
Page 2

      Because 9 U.S.C. § 12 requires that notice of a motion to vacate, modify or correct an award must be served upon the adverse part within three months after the award is filed or delivered, it is imperative that you inform me, no later than March 4, 2007, of the Association's response to my request for reconsideration of the panel's award.

      I look forward to your prompt reply.

                              Sincerely,

                              Steven F. Madeoy