UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
FEB 2 1 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

STEVEN MADEOY AND )
MELANIE MADEOY, )
 )
    Plaintiffs, )
 )
v. ) Civil Case No. 07-606 (RJL)
 )
AMERICAN ARBITRATION )
ASSOCIATION, *et al.*, )
 )
    Defendants. )

## MEMORANDUM OPINION
(February 19, 2008) [#9, 12]

Plaintiffs Steven and Melanie Madeoy (the "Madeoys" or "plaintiffs"), proceeding *pro se*, have sued ADC Builders, Inc. ("ADC"), the American Arbitration Association, Gregory Beckwith, Andrew H. Diem, and George C. Martin, Jr. (collectively, the "AAA Defendants"), pursuant to 9 U.S.C. §§ 10, 12, to vacate, modify, or correct an arbitration award issued by the American Arbitration Association ("AAA"). Currently before the Court is ADC's motion to dismiss for failure to state a claim and for lack of subject matter jurisdiction and the AAA Defendants' motion to dismiss for failure to state a claim.[1] For the following reasons, the Court GRANTS defendants' motions to dismiss for lack of subject matter jurisdiction.

---

[1] The AAA Defendants have incorporated by reference ADC's motion to dismiss for lack of subject matter jurisdiction. (*See* AAA Defs.' Mem. Supp. Mot. Dismiss 4 n.3.) Because the Court lacks subject matter jurisdiction to hear this dispute, it need not reach the merits of the AAA Defendants' and ADC's motions to dismiss for failure to state a claim. Instead, plaintiffs' claims must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

1

## BACKGROUND

The claims presented here arise from an arbitration award pertaining to a construction dispute between the Madeoys and ADC. In June 2004, the Madeoys entered into an agreement with ADC to build a single family home in Potomac, Maryland. (Compl. 2.) This agreement contained an arbitration provision, which provided that any dispute arising out of the contract would "be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association." (*Id.*) A dispute developed and ADC filed a demand for arbitration with AAA for unpaid invoices and the Madeoys counterclaimed for various contract related claims. (Compl. Ex. 2 at 1.) On January 4, 2007, the AAA panel of arbitrators, consisting of Gregory Beckwith, Andrew H. Diem, and George C. Martin, Jr., awarded ADC $224,957, awarded the Madeoys $204,622.50, and directed the Madeoys to pay ADC a net amount of $21,260 (which included prejudgment interest). (*Id.* at 3.)

On March 20, 2007, the Madeoys, acting *pro se*, filed a complaint with this Court seeking to vacate, modify, or correct the AAA award, naming AAA and the AAA panel of arbitrators as defendants. (*See* Compl.) On May 23, 2007, the Madeoys filed an amended complaint, which added ADC as a defendant.[2] (*See* Am. Compl.) The Madeoys allege that: (1) the panel misapplied contract law by rejecting the Madeoys' claim concerning non-timely performance; (2) the panel acted arbitrarily and capriciously

---

[2] The Amended Complaint simply adds ADC as a defendant in this case based on allegations previously pleaded. Because the Amended Complaint contains no substantive allegations, citations to the complaint refer to the original complaint, filed on March 20, 2007.

2

by giving insufficient weight to the expert testimony presented by the Madeoys; and (3) the panel erred by not awarding the Madeoys expert and legal expenses. (*See* Compl. 4-6.)

## ANALYSIS

### A. *Legal Standard*

Defendants bring Motions to Dismiss under Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction, and Rule 12(b)(6), for failure to state a claim. Under Rule 12(b)(1), "the plaintiff bears the burden of establishing the factual predicates of jurisdiction by a preponderance of the evidence." *Lindsey v. United States*, 448 F. Supp. 2d 37, 42 (D.D.C. 2006) (quoting *Erby v. United States*, 424 F. Supp. 2d 180, 182 (D.D.C. 2006)); *see also Al-Owhali v. Ashcroft*, 279 F. Supp. 2d 13, 21 (D.D.C. 2003). "The [C]ourt, in turn, has an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority." *Lindsey*, 448 F. Supp. 2d at 42-43 (alteration in original) (quoting *Abu Ali v. Gonzales*, 387 F. Supp. 2d 16, 17 (D.D.C. 2005)). For the following reasons, the Court agrees that it lacks subject matter jurisdiction in this case.

### B. *Lack of Subject Matter Jurisdiction*

"The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006). "Section 1331 provides for federal-question jurisdiction, § 1332 for diversity of citizenship jurisdiction." *Id.*

A plaintiff properly invokes § 1332 jurisdiction when he presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. *Arbaugh*, 546 U.S. at 513 (citing § 1332(a)). The instant case clearly lacks diversity, as both the Madeoys and Defendants Martin and ADC are citizens of the State of Maryland. (*See* Compl. at Caption; ADC's Mem. Supp. Mot. Dismiss Exs. 1-2.) Indeed, the Madeoys concede that there is no diversity of citizenship in this suit. (*See* Pls.' Mem. Opp'n to ADC's Mot. Dismiss 1 ("The Madeoys concede that there exists no diversity of citizenship.").)

The Supreme Court has provided that "[i]n the absence of diversity of citizenship, it is essential to jurisdiction that a substantial federal question should be presented." *Hagans v. Lavine*, 415 U.S. 528, 537 (1974) (quoting *Ex parte Poresky*, 290 U.S. 30, 31-32 (1933)). Thus, if the plaintiffs cannot present a substantial federal question, this Court lacks subject matter jurisdiction over their claims.

The Madeoys seek to have the January 4, 2007, arbitration award vacated, modified, or corrected, pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 10, 12, and rely on the FAA as a basis for federal question jurisdiction. (*See* Compl. 2-3; Am. Compl. 1-2.) While Section 10 of the FAA permits an action to vacate an arbitration award in "the United States court in and for the district wherein the award was made," 9 U.S.C. § 10, the FAA, however, does *not* create an independent basis for federal question jurisdiction. *See Southland Corp. v. Keating*, 465 U.S. 1, 16 n.9 (1984) (describing the FAA as "creat[ing] federal substantive law requiring the parties to honor arbitration

4

agreements, [but] . . . not creat[ing] any independent federal-question jurisdiction under 28 U.S.C. § 1331 (1976) or otherwise"); *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 25 n.32 (1983) (holding that, to assert a cause of action under the FAA, "[t]here must be diversity of citizenship or some other independent basis for federal jurisdiction"); *see also Kasap v. Folger Nolan Fleming & Douglas, Inc.*, 166 F.3d 1243, 1245-46 (D.C. Cir. 1999).

The Madeoys present no independent basis upon which to establish federal question jurisdiction. The Madeoys' claims arise from a construction dispute between an individual homeowner and their contractor in Montgomery County, Maryland and do not present *any* substantial federal question. This Court therefore lacks the requisite jurisdiction and must dismiss plaintiffs' Amended Complaint and any and all claims asserted against all defendants.

## CONCLUSION

For the foregoing reasons, this Court GRANTS defendants' Motions to Dismiss plaintiffs' claims for lack of subject matter jurisdiction. An appropriate Order consistent with this ruling accompanies this Opinion.

*[signature]*
RICHARD J. LEON
United States District Judge